## ALBIEN v. SMITH.

Under the provision of the Constitution that the right of trial by jury shall
remain inviolate, and shall extend to all cases at law, and Rev. Code
Civ. Proc. § 275, providing that in an action for the recovery of specific
real or personal property trial by jury may be waived only with the
assent of the court to the written consent of the parties filed with the
clerk, or an oral stipulation made in open court and recorded in the
minutes of the trial, the right to a trial by jury is not waived by de-
fendant in an action at law for the recovery of personal property by
moving for a directed verdict at the conclusion of plaintiff's evidence,
where, after the denial of the motion, he introduces evidence sufficient
to carry his case to the jury.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Custer county; Hon. LEVI
McGEE, Judge.

Action by Anna A. Albien against J. R. Smith, receiver of
the W. H. Walling Mercantile Company. From a judgment
for plaintiff, defendant appeals. Reversed.

*E. L. Grantham* and *W. E. Benedict*, for appellant.

*B. R. Wood*, *A. T. Feay*, and *Chauncey L. Wood*, for re-
spondent.

FULLER, J.   Plaintiff obtained judgment in this action at
law for the possession of a stock of merchandise for the pur-
pose of foreclosing by advertisement a mortgage thereon, and
the defendant appealed from such judgment and an order over-
ruling a motion for a new trial.

After a default existed in the terms of this mortgage, and
the mortgagor had become heavily indebted to numerous cred-
itors, he transferred everything to the W. H. Walling Mercan-
tile Company, of which he was practically the only stockholder,
and prior to the commencement of this action the assets of

such corporation were in the hands of the receiver, who prose-
cutes this appeal.   The issues joined by a denial of all the ma-
terial allegations of the complaint were tried to a jury, which,
over the objection of appellant, were discharged after both
litigants had rested, and upon conflicting evidence the court
made its findings of fact and conclusions of law in favor of re-
spondent, and the judgment complained of was accordingly en-
tered.

While the sufficiency of appellant's evidence to go to the
jury is apparently unchallenged, counsel for respondent con-
tend that the refusal to so submit the case for a determination
of the controverted facts furnishes no ground for a reversal,
because that right was lost when, at the conclusion of the tes-
timony offered in support of the complaint, appellant treated
the case as presenting merely a question of law by moving for
the direction of a verdict, which was denied, and not thereafter
renewed.   The constitutional guaranty of the right of trial by
jury cannot be dispensed with except by the consent of the
parties entitled to it, and cases where both sides move for the
direction of a verdict at the conclusion of all the evidence have
no application to an action at law involving the right to the
possession of specific personal property, where the jury has
been arbitrarily discharged, and conflicting facts determined
by the court upon a record containing material evidence intro-
duced subsequently to the denial of the defeated parties' motion
for a directed verdict.   The constitutional injunction is that
"the right of trial by jury shall remain inviolate and shall ex-
tend to all cases at law without regard to the amount in con-
troversy" (Const. art. 6, § 6), and section 275 of the Revised
Code of Civil Procedure provides, in substance, that in an

action for the recovery of specific real or personal property trial by jury may.be waived only with the assent of the court to the written consent of the parties filed with the clerk, or an oral stipulation made in open court and recorded in the minutes of the trial. Belatti v. Pierce, 8 S. D. 456, 66 N. W. 1088.

This view, being decisive of the case, renders further discussion of appellant's assignments of error unnecessary, and the judgment appealed from is reversed, and a new trial ordered.