## JENKINS v. THE CITY OF CHEYENNE.

CIVIL ACTION.—Under the code of procedure of Wyoming territory, an action in which the city of Cheyenne, a municipal corporation, prosecutes as plaintiff to recover a fine or penalty, under the ordinances of the city, is a "civil action."

PRACTICE—APPEAL FROM JUSTICES' COURTS.—In taking an appeal from the judgment of a court of a justice of the peace, the requirements of the statute must be strictly and literally complied with as to the affidavit and undertaking by the appellant, or his appeal will on motion be stricken from the docket of the appellate court.

ERROR to the District Court for Laramie County.

This was an action originally commenced upon information before Thomas M. Fisher, a justice of the peace in

and for Laramie county, charging defendant (now plaintiff in error), with keeping a certain bawdy-house, etc. The record shows that a jury trial was had, under the provisions of the law allowing jury trials before justices of the peace, and that the said defendant was adjudged guilty, and the penalty of one hundred dollars affixed against her. That the defendant gave notice of an appeal. That an appeal was taken, but not entered, on or before the second day of the next term of the district court. On the fourteenth of December, the counsel for the city of Cheyenne, Mr. Street, moved the court to dismiss the appeal, for the reason of defects therein apparent, which motion, after argument, was overruled, under the provisions of the statute, which give the appellant power to correct defects in appeals at any time before the case is called for argument or trial. The city attorney also moved to have the case changed from the criminal to the civil docket, which motion was sustained.

On the twenty-second of December, a motion was filed by Mr. Street, attorney for plaintiff, to dismiss the appeal, because no proper bond was filed nor affidavit made, as required by the surety in the bond as provided by the statute. On the twenty-seventh of December, this motion was sustained and the appeal was dismissed, and the case remanded to the justice of the peace for further proceedings upon the said case. A petition in error was then filed, and the case duly brought into this court for review, and the following errors assigned:

1. Because the court erred in sustaining the motion of the city of Cheyenne (now defendant) to transfer said cause from the criminal to the civil docket, and ordering the same to be entered on said docket, and set down for trial therein.

2. Because the court erred in sustaining the motion of the said defendant to strike off and dismiss the appeal of the plaintiff, previously taken from a justice's court to the said district court of the first judicial district of Wyoming, on the ground and for the reason that no sufficient undertaking in appeal had been made and filed, that the surety

named in the said undertaking had not made affidavit to the same as required by law, and for the reason that the appeal in said case taken was not taken and perfected in the manner prescribed by law for civil cases.

3. Because the court erred in making the final order, and rendering judgment in the said cause that the appeal in the cause, taken by plaintiff, be dismissed, and remanded by *procedendo* to the justice's court for further proceedings therein.

*E. P. Johnson and W. P. Carroll,* for plaintiff in error.

This case comes up from the first district, and the facts are that plaintiff was complained of before Justice Fisher as police magistrate of the city of Cheyenne for violating a city ordinance "concerning offenses in the nature of misdemeanors," etc. Whereupon she was arrested, tried, and convicted, and thereafter appealed to the district court in accordance with the statutes governing appeals in criminal cases. A motion was made to dismiss the appeal by the appellee, but it was denied. The court then transferred the case to the civil docket, after which another motion to dismiss the appeal was made, for the reason that the bond required on appeal in civil cases was not sufficient, and the practice in civil cases had not been complied with. The motion was sustained and the case dismissed. Plaintiff in error alleges that there was error in said ruling:

I. Because the action was criminal and not a civil action, and the defendant in the case proceeded properly in her appeal from the justice under the code relating to criminal practice in the justice courts: Bishop on Stat. Crimes, secs. 403–7; Dillon on Mun. Corp., secs. 301–2, 343–5, 357–69, inclusive; 42 Pa. St. 89–94; 16 Pick. 504; 17 Wisc. 26. It will be seen that the seeming conflict of authorities upon the question has referred to questions of constitutional law in the states, and involves only the meaning of the constitutional and statutory provisions concerning trials by jury.

They are not in point, *pro* nor *con*, in the determination of the question as to whether the appeal from the justice should have been dismissed. The case is treated from a criminal standpoint by both statute and ordinance, and by the municipal court. The appeal was allowed in conformity with the criminal practice: Laws of 1869, p. 132, sec. 114; Id. 699, subd. 16; Id. 704, sec. 33; Laws of 1871, p. 73, sec. 35.

The city having invoked the criminal jurisdiction of the justice court, it should not have been heard to question its procedure to the prejudice of the defendant in the district court on principle. And the action of the court was in clear violation of law to the prejudice of the plaintiff in error: Laws of 1871, p. 74, sec. 40.

II. Changing the case from the criminal to the civil docket was in itself immaterial, as it could not change the rights of parties. Upon the transfer the record shows an attempt on the part of plaintiff in error to file the affidavit and bond as an appeal in civil cases to conform to the judgment of the court, and the law was substantially complied with in that respect, except that the affidavit required by sureties to the undertaking was not made: Laws of 1871, p. 67, sec. 203. And for that reason the appeal was finally dismissed. While it is submitted as error to have the case so treated by the court, it is also submitted that the undertaking is not vitiated by the failure to justify for while the officer taking it may be responsible for the failure to demand it, it does not by any construction or consideration relieve the surety of liability.

*Thomas J. Street*, for defendant in error.

In addition to the authorities presented by the brief of the plaintiff concerning the character of the proceeding, and whether the same is civil or criminal, I desire to refer to an ordinance passed by the city of Cheyenne, July 17, 1874, a certified copy of which is herewith furnished for the

use of the court. Under a law passed at the last session of the legislature it is provided that all the courts of this territory shall take judicial notice of all ordinances passed by said city of Cheyenne upon the presentation thereof attested by the clerk, and certified to have been passed and published according to law.

By the Court, FISHER, C. J.: The first error complained of was the transferring this cause from the criminal to the civil docket. We do not see how the rights of the plaintiff in error could be seriously invaded by the order of the district court in changing the case from the criminal docket, and where no injury results from the action of the court, errors are to be overlooked. But apart from this there was no error, as will be fully seen by reference to the eighth and ninth sections of chapter 75 of the laws of 1869, and are as follows: "Sec. 8. A criminal action is one prosecuted by the territory as a party against a person charged with a public offense, for the punishment thereof." Sec. 9. "Every other is a civil action." This, to a reasonable mind, is enough, but we may go a little further, and say that the mode usually resorted to for the recovery of penalties for the violation of municipal ordinances is by civil actions. There are many both common law and statutory offenses which are *quasi* criminal actions, and which incur criminal consequences, which are nevertheless to be proceeded in as civil actions.

The second error complained of is the striking off of the appeal or rather dismissing the appeal on the ground of the insufficiency of the undertaking. A simple reference to the requirements of section 67 of the justice code of 1871 which requires an undertaking that the appellant will prosecute his (or her) appeal to effect. That if judgment is rendered against him (or her) on the appeal, or his (or her) appeal be dismissed, he will satisfy the judgment and costs; that the appeal has not been taken for delay, but that it is taken in good faith, believing that injustice has been done, etc.;

and it is required that the surety must be a resident of the county and a property holder. All this should appear affirmatively. And by another provision it is required that the surety must make an affidavit to his sufficiency. This record fails to show that any of these requirements were complied with, consequently no such proceedings were had as would justify the court in overruling the motion to dismiss the appeal.

The third error assigned is so involved in what has already been said, that we do not deem it necessary to pass upon it.

The proceedings of the district court are affirmed.