CITY OF LEAD V. KLATT *et al.*

1. A municipal action for violating an ordinance is not a criminal action, and hence not governed by the rules of criminal pleading.

2. In an action in a police court for violating an ordinance, the complaint is not defective on the ground that it does not state with certainty the persons charged with the offense, where the caption reads, "The City of L. vs. J. K and L. K.," and the accompanying affidavit refers to them as "said defendants."

(Opinion filed June 22, 1898.)

Appeal from circuit court, Lawrence county. Hon. JOS-. EPH B. MOORE, Judge.

Action by the city of Lead against Jacob Klatt and another for a violation of the health ordinance. From a judgment discharging defendants, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*H. E. Dewey*, for appellant.

*Davis and Davis*, for respondents.

HANEY, J. Defendants were tried in police court, found guilty of violating one of the health ordinances of the city of Lead, and adjudged to pay a fine of $10 and the costs of the action. They appealed to the circuit court, wherein the cause came on for trial *de novo*, and the court, upon objection to the introduction of any evidence by plaintiff, held the complaint defective, and advised a verdict of not guilty, which was returned, and a judgment entered discharging the defendants. From this judgment, plaintiff appealed.

It would appear that the learned circuit court regarded the complaint defective, in that it does not state with certainty the persons charged with having violated the ordinance. This is the only alleged defect pointed out by respondents' brief, and the only one which merits attention. As printed in the abstract, the complaint contains the following: "State of South Dakota, County of Lawrence, City of Lead—ss.: In City Police Court, before D. D. Smead, Police Justice. The City of Lead vs. Jacob Klatt and Lavissa Klatt. Complaint for Nuisance. City of Lead, County of Lawrence—ss." These words are followed by an affidavit wherein the persons charged with neglecting to comply with an order of the health officer of Lead

City are referred to as "the said defendants," their names appearing only in the title. As this is not a criminal action (City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947; City of Sioux Falls v. Kirby, 6 S. D. 62, 60 N. W. 156), the rules of criminal pleading are not applicable. Where names of persons are separated by the abbreviation "v," or "vs.," as in this complaint, the name or names preceding such abbreviation and the name or names following it are as certainly designated plaintiff or plaintiffs and defendant or defendants, respectively, as if those words were written in their appropriate places; and it is certainly sufficient in this class of cases, at least, to refer in the body of the pleading to the names so written, as plaintiff or defendant as the case may be. The rule adopted by the learned circuit court was too strict and technical for an action of this character, originating in a police court and tried therein upon its merits, without objection on the ground alleged in the circuit court. Defendants contend in their brief that the objection was made in the police court, but they are not sustained by the abstract, and, if it was, it was not well taken. The judgment is reversed, and a new trial ordered.