## CITY OF MADISON v. HORNER.

1. Actions for violation of city ordinances are not criminal actions, within the meaning of Comp. Laws, §§4813, 4814, dividing actions into two classes—criminal and civil—and defining a criminal action as "one prosecuted by the state against a person charged with a public offense, for the punishment thereof."

2. Comp. Laws, § 5214, provides for appeals in civil actions, and Section 7499 provides that either party in a criminal action may sue out a writ of error. *Held*, that an action for the violation of a city ordinance, not being a criminal action, could only be brought to the supreme court by appeal, and not by writ of error.

(Opinion filed February 12, 1902.)

Error to circuit court, Lake county.

Action by the city of Madison against John C. Horner for violation of an ordinance. On a judgment of the circuit court affirming a judgment of conviction, defendant brings error. Writ vacated.

*T. J. Spangler,* for plaintiff in error.

*William McGrath,* for defendant in error.

CORSON, J. An action was commenced against the plaintiff in error by the city of Madison, charging him with a violation of one of the city ordinances of said city. Being convicted in the police court of said city he appealed to the circuit court upon questions of both law and fact, and the judgment of the said police court was affirmed. Thereupon he sued out a writ of error to this court. The defendant in error at the proper time moved the court to vacate and set aside the writ of error on the ground that this court had no jurisdiction to review the decision of the circuit court, for the reason that the same could only be brought to this court for review by appeal. The question now presented has never been decided by this court, although incidentally raised in the case of City of Huron v. Carter,

5 S. D. 4, 57 N. W. 947; City of Sioux Falls v. Kirby, 6 S. D. 62, 60 N. W. 156, 25 L. R. A. 621; and City of Lead v. Klatt, 11 S. D. 109, 75 N. W. 896. But as those cases were brought to this court by appeal, we did not deem it necessary to pass upon the question now presented. Upon a careful review of the question, we are of the opinion that the judgments rendered for violation of city ordinances, instituted in the name of the city, must in all cases be brought to this court by appeal, and not by writ of error. Actions for violation of city ordiannces are not criminal actions, within the meaning of the statutes of this state. Section 4813, Comp Laws, provides: "Actions are of two kinds: (1) Civil. (2) Criminal." Section 4814 provides: A criminal action is one prosecuted by the state as a party against a person charged with a public offense, for the punishment thereof." And section 4815 provides: Every other is a civil action." It will be observed that criminal actions are only such as are prosecuted by the state as a party. Section 5214 provides for appeals in civil actions, and, in effect, prohibits writs of error in civil cases; and as an action for the violation of a city ordinance is, as we have seen, a civil action, it can only be reviewed in this court by appeal. This is made clear by an examination of the chapter providing for writs of error. Section 7499 provides that either party may sue out a writ of error "in a criminal action," section 7502 provides that defendant may sue out a writ in certain cases, and section 7503 provides that a writ may be sued out by the state, also in certain cases. It will thus be seen that it is only in criminal cases wherein the state is a party that the writ of error can be properly allowed, and it was evidently not contemplated that cases arising under city ordinances, prosecuted in the name of the city, should be reviewed by this court on a writ of error. That actions for the violation of city ordinances are not criminal actions seems to be sustained by the

weight of authority. · Ex parte Hollwedell, 74 Mo. 395; City of Kansas v. Clark, 68 Mo. 588; Miller v. O'Reilly, 84 Ind. 168; Williams v. City Council, 4 Ga. 509; Byers v. Com., 42 Pa. 89; People v. Justices of Court of Special Sessions, 74 N. Y. 406; City of Davenport v. Bird, 34 Iowa, 524; Town of Brookville v. Gagle, 73 Ind. 117.

As writs of error are only allowed in criminal cases in which the state is a party, the writ could not be properly issued in this case. and the motion of the defendant in error must be granted. The writ of error is therefore vacated and set aside, and the clerk of this court is directed to return the record to the clerk of the court of the proper county.