## CITY OF CENTERVILLE V. OLSON.

1. Laws 1890, p. 84, c. 37, art. 11, § 9, provides that in all cases before a justice arising under city ordinances an appeal may be taken by the defendant to the county or circuit court, as in other appeals from justice court, and section 14 (page 86) declares that in all such cases not specially provided for the proceedings in the police court shall be governed by the laws regulating proceedings in justice courts in criminal cases. Held, that a proceeding on behalf of a city against a defendant arrested for violation of a city ordinance was quasi criminal in its nature, and hence an oral notice of appeal authorized in criminal cases before justices of the peace by Comp. Laws 1887, § 6177, was sufficient.

2. Laws 1890, p. 84, c. 37, art. 11, § 9, authorizing appeals from proceedings before justices for violation of city ordinances, provides that the defendant shall enter into a recognizance conditioned, in case of a fine, for the payment of the fine and costs, and costs of appeal. Held, that where defendant, convicted of violating an ordinance. was adjudged to pay a fine and costs, a recognizance which was not conditioned for the payment of the fine and costs, and the costs of the appeal, and was drawn in favor of the state instead of the city, by which the proceeding was brought, was ineffectual to sustain the appeal.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Turner county. Hon. E. G. SMITH, Judge.

Proceedings by the city of Centerville against Austin Olson for the violation of a city ordinance. From a judgment of the circuit court reversing a judgment of the police justice against defendant, the city appeals. Reversed.

*S. H. Wright,* for appellant.

*Alan Bogue, Jr.,* for respondent.

CORSON, J.   This is an appeal from 'a judgment of the circuit court of Turner county, entered upon a verdict of not guilty in an action originally tried in the police justice court for the city of Centerville in said county, and the only question presented is, did the circuit court acquire jurisdiction of the case?

The defendant was arrested and tried by the police justice upon a charge of violating an ordinance of the said city, and was convicted and adjudged to pay a fine of $25 and the costs of the action, and to stand committed until said costs and fine should be satisfied.   The defendant thereupon gave notice orally of an appeal to the circuit court, and his bond was fixed at $500, and he executed an instrument purporting to be a recognizance which will hereafter be more particularly referred to.   At the February, 1902, term of the circuit court, the case was called for trial, a jury impaneled, and, there being no appearance on the part of the plaintiff, the court directed the jury to return a verdict of not guilty, and thereupon judgment was entered in favor of the defendant, and he was discharged.

The appellant assigns as error:   "The court below erred in assuming jurisdiction in the above-entitled action, and in directing a verdict for the defendant, for that said court had never acquired jurisdiction in the premises, because (1) no such notice of appeal was ever served upon the plaintiff, and filed with the justice, as is required by law; (2) no such undertaking on appeal was ever given, executed, or filed on appeal from justice court, as the law requires."

Section 9, art. 11, c. 37, p. 84, of the Laws of 1890, relating to the incorporation of cities, reads as follows: "In all cases before the said justice, arising under the ordinances of the city, an appeal may be taken by the defendant to the county or circuit court of the county, as in other appeals from justice court, but no appeal shall be allowed unless such defendant shall (in case of fine) within ten days (in case of imprisonment) within twenty-four hours enter into recognizance with sufficient security, to be approved by said justice, conditioned in case of fine for the payment of said fine and costs, and costs of appeal, and in case of judgment or [of] imprisonment that he will render himself in execution thereof, if it should be determined against the appellant."

It is contended on the part of the appellant that the action was a civil action, and a written notice of appeal should have been given, as required by section 6129, Comp. Laws 1887, which provides: "The appeal is taken by serving a copy of the notice of appeal on the adverse party or his attorney and by filing the notice of appeal with the justice;" and, as no such notice was given, the circuit court acquired no jurisdiction of the action. It will be noticed that by section 9, above quoted, the manner of giving the notice of appeal is not prescribed, but it is required to be such as in other appeals from justice courts.

The defendant insists that the action against him in the justice court was quasi criminal, and that the notice of appeal was properly given in the manner prescribed in section 6177 for appeals from justice courts in criminal cases, in which it is provided that the notice of appeal may be given orally to the justice. We are of the opinion that the defendant is right in

his contention. While this court has held that a review of actions for the violation of city ordinances can only be had in this court by appeal, we have never held that the action is strictly a civil one. The decisions of this court holding that this class of cases can only be brought to this court by appeal are based solely upon the peculiar provisions of our Code relating to writs of error. City of Madison v. Horner, 15 S. D. 359, 89 N. W. 474. The action certainly partakes of the nature of a criminal action, in that the defendant may be imprisoned for a failure to pay the fine and costs imposed upon him. As the action is not brought in the name of the state, however, it is not strictly a criminal action, as defined in sections 4813 and 4814, Comp. Laws 1887. It is quite apparent from the language used in section 9, above quoted, read in connection with the clause in the latter part of section 14 of the same act (page 86), that the Legislature intended that the law as to appeals applicable to criminal actions in justice courts should govern appeals taken under that act. The clause in section 14 referred to reads as follows: "In all cases, not herein specially provided for, the process and proceedings of said court shall be governed by the laws regulating proceedings in justice's courts in criminal cases." The oral notice, therefore, given to the justice, was sufficient.

The appellant further contends that the recognizance in this case was not in the form prescribed by section 9, above quoted, and was therefore insufficient to confer upon the circuit court jurisdiction of the appeal. The instrument purporting to be a recognizance was not drawn in conformity with the provisions of that section. It will be observed that by section 9 the recognizance required must be "conditioned in case of

16 S. D.—34

fine for the payment of said fine and costs, and costs of the appeal, and in case of judgment of imprisonment that he will render himself in execution thereof, if it should be determined against the appellant." As imprisonment in this case depended upon the nonpayment of the fine and costs, the judgment was, within the meaning of the section, a judgment for fine and costs, and the recognizance should have been so drawn as to have provided security for the same and costs of the appeal. No provisions are made in the instrument for the payment of the judgment for fine and costs, or for the costs of the appeal, and it is drawn in favor of the state, and not of the plaintiff. The instrument is therefore clearly insufficient as a recognizance on appeal, as required by said section, and is, in our opinion, fatally defective. It will be observed by the said section that no appeal shall be allowed unless such a recognizance as is required by the section is executed. This court has repeatedly held that an undertaking on appeal in civil cases which fails to provide for the payment of costs of the appeal is ineffectual for any purpose under the provisions of section 6133. The language of section 9, above quoted, "no appeal shall be allowed," is quite as mandatory as the provisions of section 6133. In our opinion, therefore, the circuit court was without jurisdiction, and the verdict and judgment in favor of the defendant are void. Brown v. Brown, 12 S. D. 380, 81 N. W. 627.

The judgment of the circuit court is reversed, and that court is directed to dismiss the appeal.