## EWING & HARSCH v. LUNN.

An attempted appeal by plaintiffs from an order vacating a judgment in their favor, and from a judgment in favor of defendant on a second trial will be dismissed for duplicity.

(Opinion filed, Nov. 16, 1906.)

Apppeal from Circuit Court, Hanson County. Hon. FRANK B. SMITH, Judge.

Action by S. D. Ewing and another against Christie Lunn, executrix. From an order vacating a verdict and judgment for plaintiffs, and from a judgment in favor of defendant on a second trial, plaintiffs appeal. Dismissed.

*E. E. Wagner,* for appellants. *Zollman & Kelso* and *Preston & Hannett,* for respondent.

FULLER, P. J. The first trial of this action to recover a land agent's commission terminated in a verdict and judgment for plaintiffs which was entered in circuit court February 18, 1904, and vacated therein on the 27th day of July following by an order granting the defendant a new trial. Service of this order was duly admitted by counsel for plaintiffs who appeared for his clients at the second trial held at the April, 1905, term and which resulted in a verdict favorable to defendant upon which judgment was rendered.

A motion for a new trial made in plaintiffs' behalf after the entry of judgment was denied on the 24th day of October, 1905, and a notice of appeal was duly served on opposing counsel and the clerk of the circuit court as follows: "Please take notice, That the plaintiff's appeal to the Supreme Court of the state of South Dakota from the order of the circuit court, made and entered in said cause on the 27th day of July, A. D. 1904, vacating and setting aside the verdict of the jury and the judgment of the court, entered in said cause February 18, 1904, and granting a new trial of said cause; also from the judgment entered in said cause April 20, 1905, and from the order of the court denying plaintiff's motion for a. new trial thereof, dated September 16, 1905, and duly entered herein, and from the whole thereof." A motion is made in this court to dismiss the appeal on the ground of duplicity. While but one undertaking on appeal was given, the abstract contains the record of two separate and distinct trials, including two bills of exceptions with assignments of error predicated on each, and the case is argued in the brief as a double appeal. The order vacating the first judgment and granting a new trial, on motion of respondent, and the order denying appellant's motion to vacate the second judgment and grant him a new trial being each the subject of an independent appeal, calling for the review of alleged errors occurring at two separate trials, the appeal cannot be entertained. It has long been settled in this jurisdiction, and in other states having a similar statute, that an appeal cannot be taken from two separate and distinct appealable orders. Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165.

From this uniform rule of practice nothing is here presented to justify a departure, and the appeal is dismissed.

CORSON, J., not sitting.