CITY OF SIOUX FALLS, Appellant, v. MANSORS et al, Respondents.

(168 N. W. 751).

(File No. 4326. Opinion filed September 3, 1918. Rehearing denied December 31, 1918).

1. **Appeals—Dismissal of Appeal—Judgment, Order Modifying, Re Costs, Whether Double Appeal—Decisions Distinguished.**

A motion to dismiss an appeal from a judgment of acquittal and awarding costs to defendants, and from an order modifying the judgment by striking out such award, will not be dismissed by Supreme Court on the ground of a double appeal; the motion to modify judgment being an attempt to secure review by trial court of that portion of the judgment concerning costs; such motion being in nature of one for new trial, and for purpose of appeal should be similarly treated; the motion to modify presenting, as does the appeal, the sole question of right of defendants to recover such costs. Anderson v. Hultman, 12 S. D. 105; Ewing et al. v. Lunn, 21 S. D. 55; Hackett v. Gunderson, 1 S. D. 479, distinguished.

2. **Same—Double Appeals—Judgment and Order—Rule Applied.**

The established rule in this state, sanctioned by Supreme Court decisions, permitting a judgment and an order allowing or denying motion for new trial to be brought up and reviewed on a single appeal, is applicable to a case of appeal from a judgment of acquittal and awarding costs to defendants, and a motion to modify judgment in re such costs.

3. **Costs—Civil, Criminal, Actions—Prosecution by City, Whether Criminal—Costs to Acquitted Defendants—Statute—Appellate Jurisdiction of Circuit Court, Civil Appeal as Affecting.**

A prosecution by a city for violation of a city ordinance imposing punishment by fine or imprisonment or both, while covered by rules prescribed for trial of criminal actions, is yet not a criminal action within Code Civ. Proc., Sec. 14, defining a criminal action as one prosecuted by the state, etc.; and, there being no provision of law under which a defendant in a criminal action can tax his costs, held, that defendants who were acquitted in a prosecution by a city were not entitled to costs; the prosecution, in all respects other than that of a state prosecution, being of the character of a criminal action; the offense charged being penal also under the law of the state; this also in view of the fact that defendants appealed from the municipal court to circuit court as in a criminal action (Laws 1907, Ch. 199, Sec. 26, as amended by Laws 1913, Ch. 278, Sec. 7); while Sec. 99, Justices' Code, provides that appeals to circuit court in civil actions must be taken by service of written notice of appeal, in criminal actions, "by giving

notice orally to the justice," which course was followed by defendants; that had the action been civil, then no appeal was taken, and gave circuit court no jurisdiction, and the original judgment of conviction would be still valid and subsisting.

4.   Actions—City Prosecution, Punishment by Fine, Imprisonment, as Civil Action—Trial, Appeal—Rule.

The better practice, is to treat an action prosecuted by a city under a penal ordinance, imposing punishment by fine or imprisonment, as a criminal action, so far as the trial and appeal are concerned.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

The defendants, Joe Mansors and Albert Mansors, were convicted in the Municipal Court of the City of Sioux Falls, for violation of a municipal ordinance, and appealed to the Circuit Court, where there was judgment upon a verdict of acquittal and dismissing the action and awarding defendants costs. From an order refusing to modify the judgment wherein it awarded costs, plaintiff appeals. Reversed.

*D. J. Conway,* and *Lewis Larson,* for Appellant.

*Kirby, Kirby & Kirby,* for Respondents.

(1)   To point one of the opinion, Appellant cited:

Anderson vs. Hultman, 12 S. D. 105; Ewing & Harsch vs. Lunn, 21 S. D. 55.

(3)   To point three, Appellant cited:

Salt Lake City v. Robinson, (Utah) 116 Pac., 442; Anderson vs. Schubert, (Ill.) 41 N. E. 853; City of Greenfield vs. Farmer, (Mo.) 190 S. W. 406; City of Centerville vs. Olson, (S. D.) 94 N. W. 414; McQuillan on Municipal Corporations, vol. 3, sec. 1070.

Respondents cited:

City of Sioux Falls vs. Kirby, 6 S. D. 62; City of Centerville vs. Olson, 94 N. W. 414; City of Madison vs. Horner, 89 N. W. 474; City of Huron vs. Carter, 57 N. W. 947; Secs. 1415, Code Civ. Proc.; Laws 1907, Ch. 191, Secs. 26, 25, as amended.

POLLEY, J.   Respondents were convicted in the municipal court of Sioux Falls of violating a city ordinance. They appealed from the judgment of conviction to the circuit court of Minnehaha county, where a jury trial resulted in a verdict of acquittal. Upon this verdict a judgment was entered, dismissing the action and awarding respondents their costs. After the entry of this judgment, the city procured an order from the circuit court, citing re-

spondents to show cause why the said judgment should not be modified, by striking out the portion thereof awarding costs to the respondents.   Upon a hearing by the court, the order to show cause was vacated, and the relief sought thereby denied.   Thereafter the city appealed to this court from both the judgment and the order vacating the said order to show cause.

[1] Respondents now move this court to dismiss the appeal, on the ground that it is an attempt to bring up for review two separate orders on a single appeal.   In support of their contention that this is a double appeal, respondents cite and rely upon the decisions of this court in Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165, and Ewing et al. v. Lunn, 21 S. D. 55, 109 N. W. 642.   But, upon an examination of these cases, the facts are found to be so different from the facts in this case that those decisions are not applicable to this case.   In Anderson v. Hultman the appeal is from one order refusing to vacate an attachment and from another order denying a motion to vacate and set aside the summons in the same action.   These were two separate and distinct orders, and each one presented matters for review that were not presented by the other. It was in fact a double appeal.   In Ewing et al, v. Lunn the appeal was from an order vacating a verdict and judgment and granting a new trial, and also from a second judgment on a new trial in the same case, and from an order denying a new trial.   As stated in the opinion, the abstract contained the record of two separate and distinct trials, including two bills of exceptions, with assignments of error predicted on each, and the case was argued in the brief as a double appeal.   In Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546, the appeal was from an order of the territorial district court denying a motion to vacate a verdict on the ground of insufficiency of the evidence, and also from an order made later by the state circuit court denying a motion for a new trial on the ground of newly discovered evidence.   These two orders presented entirely distinct and separate matters for review.

[2] But no such situation is presented by the record in this case.   The motion to modify the judgment was an attempt to secure a review by the trial court of the portion of the judgment awarding costs to the respondents.   The motion was in the nature of a motion for a new trial, and, for the purposes of appeal, should be treated the same as a motion for a new trial.   The only ques-

tion presented by the motion was the right of the respondents to recover their costs, and the only question presented by this appeal is the right of respondents to recover such costs. This identical question, and this question only, would have been presented, had the appeal been from either the judgment or the order alone. Either the judgment or the order could be eliminated from the notice of appeal without in any wise affecting the question presented for review. This being true, it cannot be said that the appeal is double. It has become the established rule in this state, sanctioned by the decisions of this court, to permit a judgment and an order allowing or denying a motion for a new trial to be brought up and reviewed on a single appeal, and this rule should be applied in this case. McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Williams v. Williams, 6 S. D. 284, 61 N. W. 38; Kountz v. Kountz, 15 S. D. 66, 87 N. W. 523; Peters v. Lohr, 24 S. D. 605, 124 N. W. 853. The motion to dismiss the appeal is denied.

[3] This brings us to the merits of the case, and the only question presented for consideration is whether or not respondents are entitled to recover their costs. As there is no provision of law under which a defendant in a criminal action can tax his costs, the right to tax such costs must depend upon whether the action is civil or criminal. Section 14, Code Civ. Proc., divides actions into two kinds, civil and criminal, and section 15 defines a criminal action as one prosecuted by the state as a party, against a person charged with a public offense, for the punishment thereof. All other actions are civil actions. This action is not prosecuted by the state as a party, but by the city of Sioux Falls. Therefore it does not come within the terms of the statute defining criminal actions. But, while it is not prosecuted in the name of the state as a party, it has all the other attributes of a criminal action. The offense charged is one that is criminal under the general statutes of the state. The punishment is by fine or imprisonment, or both, and the proceedings had in connection therewith are all governed by the rules prescribed for the trial of criminal actions.

The question has been before this court on several occasions. In City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947, the question was made to depend upon the nature of the offense charged. In the opinion of the court it was said:

"The act complained of, and of which the defendant was convicted, was one not forbidden by the general law of the state; nor was it punishable, under the ordinance, by imprisonment as a result of the conviction. We are of the opinion that the action was a civil one, and that it was properly brought to this court by appeal."

In City of Madison v. Horner, 15 S. D. 359, 89 N. W. 474, the court, without disclosing the nature of the offense charged against the defendant, vacated a writ of error on the ground that such actions were civil actions and could not be brought to this court on writ of error, but by appeal only (citing cases on page 474, 89 N. W.) City of Centerville v. Olson, 16 S. D. 526, 94 N. W. 414, originated in the police justice court of the city of Centerville. Defendant was convicted and sentenced to pay a fine. He thereupon gave oral notice of appeal to the circuit court. In the circuit court the plaintiff moved to dismiss the appeal, on the ground that the case was a civil action and that the circuit court did not acquire jurisdiction, because the notice of appeal had not been in writing, as is required in case of civil actions. The motion was overruled, and such ruling assigned as error. In passing upon the question, this court said:

"The action certainly partakes of the nature of a criminal action, in that the defendant may be imprisoned for a failure to pay the fine and costs imposed upon him. As the action is not brought in the name of the state, however, it is not strictly a criminal action, as defined in section 4813 and 4814, Comp. Laws 1887. It is quite apparent from the language used in section 9 [section 9, art. 11, c. 37, Laws 1890], above quoted, read in connection with the clause in the latter part of section 14 of the same act (page 86), that the Legislature intended that the law as to appeals applicable to criminal actions in justice courts should govern appeals taken under that act. The clause in section 14 referred to reads as follows: 'In all cases, not herein specially provided for, the process and proceedings of said court shall be governed by the laws regulating proceedings in justices' courts in criminal cases.' "

Following the rule deducible from the foregoing cases, and what seems to us a reasonable rule to apply in such cases, the respondents are not entitled to tax their costs in this action. While the cause is not prosecuted by the state as a party, it partakes of all the other elements of a criminal action. The offense charged

is one that is made criminal under the penal laws of the state, and the charge is in the form of a criminal complaint. Respondents treated it as a criminal action when they took their appeal from the municipal court to the circuit court. By section 26, c. 191, Laws of 1907, as amended by section 7, c. 278, Laws of 1913, appeals from judgments in the municipal court to the circuit court are to be taken in the same manner as in justice courts. Section 99 of the Justice's Code provides that appeals to the circuit court in civil actions must be taken by the service of a written notice of appeal, but in criminal actions appeals may be taken "by giving notice orally to the justice." Justice's Code, § 148. In this case respondents appealed from the municipal court by "giving notice orally" to the court. If the action were a civil action, then no appeal was ever taken, the circuit court never acquired jurisdiction of the cause, and the judgment of conviction in the municipal court is still a valid and subsisting judgment.

[4] We believe that in an action based on a penal offense, as this action is, and one that is punishable by a fine or imprisonment, the better practice is to treat it, so far as the trial and appeal are concerned, as a criminal action. We believe the appeal was properly taken, but that no costs should be awarded to respondents.

The portion of the judgment appealed from is reversed, but no costs will be awarded to either party on this appeal.