CITY OF SIOUX FALLS, Appellant, v. MANSORS et al, Respondents.

(170 N. W. 155).

(File No. 4328. Opinion filed December 31, 1918.)

1. **Costs—Violation of City Ordinances, Prosecution For—Recovery By City, Whether Warranting Costs in Circuit Court—Ordinance Construed.**

Notwithstanding that under Laws 1907, Ch. 191, Sec. 25, as amended by Laws 1909, Ch. 176, Sec. 12, as further amended by Laws 1915, Ch. 161, Sec. 1, providing that in actions prosecuted by city attorney for violation of city ordinances, etc., if unsuccessful, "the city shall pay all costs," costs are recoverable by the city when successful in the Municipal Court, and while the language "the city shall pay all costs" is broad enough, standing alone, to include costs in all courts, yet if so construed, it would change the established laws relative to taxation of costs in Circuit Court; and in view of the fact that in the title to neither one of said acts is there an reference to the subject of costs in other than Municipal Courts, held, that trial court erred in taxing costs in both the Municipal and Circuit Courts, upon appeal to the latter court.

2. **Statutes—Constitutional Law—Titles—Costs in Municipal Courts Re Prosecutions—Titles Construed.**

Where title to an act providing for "Municipal Courts," Defining the Jurisdiction Thereof, for the Practice Therein, Etc., which act in its body provides simply for taxation of costs; and the tile to an amendatory act is one "relating to Municipal Courts," which in its body makes no change concerning right to tax costs; while a third amendatory act, in its title, is one "relating to costs and disbursements in Municipal Courts", held, that said act as so amended does not authorize taxation of costs in Circuit Court, upon appeal from the Municipal Court.

Upon rehearing.

For former opinion, see 41 S. D. 105, 168 N. W. 751.

*D. J. Conway,* and *Lewis Larson,* for Appellant.
*Kirby, Kirby & Kirby,* for Respondents.

(1) To point one of the opinion, Appellant cited:
City of Greenfield v. Farmer, (Mo.) 190 S. W. 406.

POLLEY, J. . This cause is before us on application for a rehearing.   The opinion of the court is reported in 168 N. W. 751.   Counsel for respondents, in their petition for a rehearing, call our attention to a provision found in section 25, c. 191, Laws 1907, as amended by section 12, c. 176, Laws 1909, and as further amended by section 1, c. 151, Laws 1915.   This provision reads as follows:

"In actions prosecuted by the city attorney for the violation of city ordinances or of offenses arising under the city charter, if unsuccessful, the city shall pay all costs."

[1] Under the above provisions of the statute, respondents claim that they are entitled to, and the circuit court permitted them to, tax costs in both the municipal and circuit courts.   In this we believe the circuit court erred.   True, the language, "the city shall pay all costs," is broad enough, if standing alone, to include the costs in all courts.   But this provision of the statute must be read and construed with reference to the other portions of the act of which it forms a part.   To give this provision the interpretation contended for by respondent would change the established law relative to the taxation of costs in the circuit court.   This the Legislature did not intend to do; nor, indeed, could it have done so without going entirely beyond the scope of the act as expressed in the title.   The title of the act reads as follows:

"An act entitled an act providing for municipal courts, defining the jurisdiction thereof, providing for the practice therein and fixing the terms and the salary of the judges thereof."

[2] This title limits the scope of the act strictly to matters pertaining to municipal courts, and any attempt, had such attempt been made, to change the rules of practice in the circuit court, would have been in excess of the constitutional powers of the Legislature.   Section 25 of the act provides for the taxation of costs.   The title to chapter 176, Laws 1909, which amends section 25, c. 191, Laws 1907, reads as follows:

"An act to amend chapter 191 of the Laws of 1907 of the state of South Dakota, relating to municipal courts."

Section 12 of this act amends section 25 of chapter 191, Laws 1907, but makes no change relative to the right to tax costs in actions that are unsuccessfully prosecuted by the city attorney.

The title to chapter 151, Laws 1915, which also amends section 25, c. 191, Laws 1907, reads as follows:

"An act entitled 'An act amending section 25 of chapter 191 of the Session Laws of 1907 as amended by section 12 of chapter 176 of the Session Laws of 1909, relative to costs and disbursements in municipal courts."

This title expressly limits the provisions of section 25, as amended, to costs and disbursements in municipal courts. Under this section no circuit court costs can be taxed, and, as there is no other provision of law that entitles the defendants to tax costs in the circuit court, the court erred to the extent of the amount of the circuit court costs that respondents were permitted to tax. But respondents are entitled to such costs as they would have been entitled to tax had they prevailed in the municipal court.

The judgment appealed from will be modified as above indicated, and the rehearing will be denied.