CITY OF WESSINGTON SPRINGS, Respondent, v. MELBOURN, Appellant.

(249 N. W. 747.)

(File No. 7542.   Opinion filed July 31, 1933.)

*M. Harry O'Brien,* of Highmore, for Appellant.

*Chas. R. Hatch,* of Wessington Springs, for Respondent.

RUDOLPH, P. J.   The defendant, Melbourn, was convicted in a municipal justice court for a violation of article 5 of chapter 4 of the Revised Ordinances of Wessington Springs. The complaint charged that the defendant knowingly kept a "building where poker and other gambling games of chance were practiced and were carried on, and did knowingly let and allow said buildings to be used for playing poker for money and gambling." From the conviction in justice court, the defendant attempted to perfect an appeal to circuit court. The defendant gave oral notice of appeal upon questions of law and fact, and justice thereupon fixed the amount of bond at $250. The bond furnished was a bail bond, conditioned upon the appearance of the defendant at the next term of circuit court in and for Jerauld county. The bond was approved and filed by the justice. When the case was called for trial in the circuit court, the plaintiff, city of Wessington Springs, moved to dismiss the appeal on the grounds that no proper notice of appeal was given, that no bond for costs was given, and that the court was without jurisdiction to hear the appeal. The circuit court dismissed the appeal, and the defendant has now appealed to this court. The respondent has filed no brief, but it appears to have been the position of the trial court in sustaining the motion to dismiss the appeal that the defendant should have complied with the provisions governing appeals in civil cases from the justice to the circuit court. We are of the opinion that the defendant has properly perfected his appeal if the provisions of our law governing appeals in criminal cases from the justice to the circuit court applies. The question presented, therefore, is: Should the

defendant have complied with the provisions governing appeal in civil cases or criminal cases from the justice to the circuit court?

Section 6308, Rev. Code 1919, as amended by chapter 301, Laws 1921, governs the jurisdiction of and procedure in municipal justice courts. This section is, in part, as follows: "The civil and criminal jurisdiction of a city or town justice's court, within the county or counties in which the city or town is situated, shall be as defined and limited by sections 2129 and 4414; such court also shall have exclusive original jurisdiction to try and determine all actions for violation of municipal ordinances; the process and procedure of such court shall be governed by the laws regulating procedure in justices' courts except as otherwise specially provided; and appeals from the judgments of such court may be taken to the circuit court in the same manner as appeals from the judgments of other justices' courts."

■ Prior to the decision of this court in the case of City of Centerville v. Olson, 16 S. D. 526, 94 N. W. 414, 415, it was held that actions for violation of city ordinances are not criminal actions, and, not being a criminal action, could only be brought to the Supreme Court by appeal and not by writ of error. See City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947, and City of Madison v. Horner, 15 S. D. 359, 89 N. W. 474. Judge Corson wrote the opinion in the case of City of Madison v. Horner, supra, and he was also the author of the opinion in the case of City of Centerville v. Olson, supra. In this last case it was said: "The defendant insists that the action against him in the justice court was quasi criminal, and that the notice of appeal was properly given in the manner prescribed in section 6177 for appeals from justice courts in criminal cases, in which it is provided that the notice of appeal may be given orally to the justice. We are of the opinion that the defendant is right in his contention. While this court has held that a review of actions for the violation of city ordinances can only be had in this court by appeal, we have never held that the action is strictly a civil one. The decisions of this court holding that this class of cases can only be brought to this court by appeal are based solely upon the peculiar provisions of our Code relating to writs of error. City of Madison v. Horner, 15 S. D. 359, 89 N. W. 474. The action certainly partakes of the nature of a criminal action, in that the defendant may be imprisoned for

a failure to pay the fine and costs imposed upon him." See, also, City of Sioux Falls v. Mansors, 41 S. D. 105, 168 N. W. 751.

It was held in this City of Centerville Case that the law applicable to appeals in criminal actions in justice court was applicable to an appeal taken from a conviction of a city ordinance in a municipal justice court, except that the bond upon appeal should comply with the provisions of the law as it then existed. At the time the City of Centerville Case was decided, section 9, art. 11, c. 37, of the Laws of 1890 was in force and required a cost bond to be furnished in addition to a recognizance bond upon an appeal from a conviction under a city ordinance. This provision of the Laws of 1890 remained as a part of our law until a revision of the Code in 1919, at which time it was omitted from our laws, and the only provision governing appeal from municipal justices' courts is found in section 6308, above set out, which provides: "Appeals from the judgments of such court may be taken to the circuit court in the same manner as appeals from the judgments of other justices' courts."

We are of the opinion that, when the Legislature in 1919, after the decision of the City of Centerville Case, provided that, so far as appeals from municipal justices are concerned, they should be taken to the circuit court in the same manner as appeals from judgments of other justices' courts, it was the intent that the law governing appeals from justices' courts in criminal cases should govern appeals taken from the conviction under a city ordinance in municipal justices' courts. The law no longer requires a cost bond in addition to a recognizance bond, as was required at the time the City of Centerville Case was decided, and we are of the opinion that the procedure followed by the defendant in this case conferred jurisdiction upon the circuit court.

■ The brief of appellant sets out the alleged error of the circuit court, as follows: "The Court erred in granting the motion of Plaintiff and respondent for a dismissal of the appeal to the Circuit Court from the Justice of Peace Court." We are of the opinion that this is sufficient assignment of error to raise the questions here presented.

The order appealed from is reversed.

All the Judges concur.