RAPID CITY, Respondent v. REHFELD, Appellant

(101 N.W.2d 396)

(File No. 9760. Opinion filed March 2, 1960)

**E. E. Sullivan,** Rapid City, for Defendant and Appellant.

**Leonard E. Morrison,** City Atty., **Thomas R. Lehnert,** Asst. City Atty., Rapid City, for Plaintiff and Respondent.

HANSON, J. A complaint was filed in the Municipal Court of Rapid City charging, in substance, that the defendant, on the 3rd day of July, 1958, within said city, did violate Sec. 8.0610 of Rapid City Ordinance No. 470, in that said defendant did then and there wilfully and unlawfully "be and remain under the influence of intoxicat-

ing liquor" contrary to the provisions of said ordinance. The jury found defendant guilty "as charged" and he was sentenced to serve 30 days, at hard labor, in the city jail.

■ The defendant appeals contending the complaint fails to state an offense. The question is preserved for consideration on appeal by defendant's timely objection at the commencement of the trial to the introduction of any evidence, on this ground, and also by a motion in arrest of judgment. State v Wood, 77 S.D. 120, 86 N.W.2d 530.

Section 8.0610 of Rapid City Ordinance No. 470 provides as follows:

"Intoxication Prohibited. It shall be unlawful for any person to become drunk, intoxicated or under the influence of intoxicating liquor in any house or private place to the annoyance of any person, and it shall be unlawful for any person, to be or remain in a state of intoxication, drunkenness or under the influence of intoxicating liquor in any public place."

The ordinance does not purport to prohibit drunkenness per se in Rapid City. It merely prohibits (1) intoxication in any house or private place which, in fact, annoys some other person and (2) intoxication in a public place. The vice the ordinance seeks to control and prohibit is drunkenness which in fact annoys another person or drunkenness which might annoy, disturb, or be offensive to other persons because of its public character.

■■ According to SDC Supp. 34.3301 all "Prosecutions in the municipal court * * * for the violation of the city ordinances, regardless of the penalty for such violation shall be upon complaint." Such complaint apparently is criminal in nature and should apprise a defendant with reasonable certainty of the accusation against him so that he may prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same violation. The complaint in the present case fails to meet this test. Defend-

amt was entitled to know whether or not he was being charged with (1) intoxication in a house or private place which, in fact, annoyed some person or (2) intoxication in some public place within Rapid City.

In our opinion the complaint fails to state any violation within the purview of the ordinance. Consequently, we believe defendant's objection to the introduction of any evidence at the commencement of the trial should have been sustained or the motion in arrest of judgment granted.

Reversed.

All the Judges concur.