TOWN OF WOOD, Respondent v. HENRY GOOD SHIELD, Appellant

(188 N.W.2d 757)

(File No. 10863. Opinion filed July 14, 1971)

**William J. Janklow,** Rosebud, for defendant and appellant.

**Ruben Maulis,** Winner, for plaintiff and respondent.

HANSON, Judge.

Henry Good Shield was convicted of violating a municipal ordinance of the Town of Wood by the Mellette County Justice of Peace who was acting as a police magistrate. The conviction was affirmed on appeal to the circuit court.

We have an anomalous situation in this case. The appellant Good Shield is an indigent defendant represented by two counsel at public expense. However, the Town of Wood (pop. 132) has not responded or appeared because of lack of funds to employ counsel. Our courts are not yet empowered to appoint counsel at state expense for indigent villages, towns and cities.

Good Shield contends his constitutional right to a fair and impartial trial was violated because the police magistrate had a direct, substantial, pecuniary interest in his conviction by virtue of SDCL 9-29-22 which provides:

> "In any action prosecuted by the city attorney for the violation of any municipal ordinance, if unsuccessful, the municipality shall pay the costs. The taxable costs in such cases tried to a police magistrate shall in no case exceed the sum of two dollars."

Defendant contends the above statute is constitutionally defective as it permits a police magistrate to receive his regular justice fees whenever a defendant is found guilty of violating a municipal ordinance. The costs are then payable by defendant. However, if the prosecution is not successful, the remuneration of the police magistrate is limited to the sum of two dollars payable by the municipality. After so construing this statute defendant further contends it is constitutionally defective according to Tumey v. Ohio, 273 U. S. 510, 47 S.Ct. 437, 71 L.Ed. 749, which condemns any judicial system in which an inferior judge is paid for his services only upon conviction of the defendant. Tumey was convicted of violating a municipal ordinance by a magis-

trate who was also mayor of the village. In addition to his regular salary as mayor the magistrate was entitled, under Ohio law, to receive and retain $12.00 costs in all violations of the liquor law. The United States Supreme Court said it could "not regard the prospect of receipt or loss of such an emolument in each case as a minute, remote, trifling, or insignificant interest. It is certainly not fair to each defendant, brought before the mayor for the careful and judicial consideration of his guilt or innocence that the prospect of such a prospective loss by the Mayor should weigh against his acquittal." The court went on to say "Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear, and true between the state and the accused denies the latter due process of law."

We cannot agree with defendant's interpretation of SDCL 9-29-22 or with his contention the statute is unconstitutional. The legislative background of this statute is helpful in ascertaining its intended meaning. It first appeared in Ch. 191, S.L.1907, which was a comprehensive act establishing municipal courts in this state. Section 25 of the act provided:

> "§ 25. Costs and Disbursements] In all actions which would otherwise be cognizable before a justice of the peace, the prevailing party shall be entitled to costs and attorneys fees to the same amount as are allowed in justices courts, except that in lieu of justices' fees the fees of the clerk of the court, which shall be the same as in the circuit court, shall be allowed and the fees for jurors shall be as in this act provided. In all other actions the prevailing party shall be entitled to and allowed costs of the same character and to the same amount as in actions in the circuit court. If a defendant shall settle an action before he has appeared therein, he shall not be liable for any costs except the fees for the service of the summons or other process and such fees of the clerk of the court as may have been in-

curred. **In actions prosecuted by the city attorney for the violation of city ordinances or of offenses arising under the city charter, if unsuccessful, the city shall pay all costs."** (Emphasis added)

Section 25 was subsequently amended by S.L.1909, Ch. 176, § 12, and S.L.1915, Ch. 151, § 1, but the wording of the last sentence remained the same.

At this juncture in its history the statute was construed by this court in City of Sioux Falls v. Mansors, 41 S.D. 276, 170 N.W. 155, in which case the defendants had been convicted of violating a Sioux Falls municipal ordinance and had appealed to the circuit court where a jury resulted in a verdict of acquittal. On this verdict the circuit court entered judgment dismissing the action and allowed defendants costs in both the municipal and circuit courts. In holding the allowance of circuit court costs to be error the court conceded the language of the statute "the city shall pay all costs", was broad enough, standing alone, to include the costs in all courts, but the legislature did not intend to extend the operation of the act beyond the municipal court. Therefore, the court concluded "Under this section no circuit court costs can be taxed, and, as there is no other provision of law that entitles the defendants to tax costs in the circuit court, the court erred to the extent of the amount of the circuit court costs that respondents were permitted to tax. But respondents are entitled to such costs as they would have been entitled to tax had they prevailed in the municipal court."[1]

Following the Mansors case the last sentence of § 25 became § 6314 of the Revised Code of 1919 modified to read as follows:

"§ 6314. Costs Paid by Municipality. In any action prosecuted by the city attorney for the violation of any municipal ordinance, if unsuccessful, the municipality shall pay the costs."

---

1. See also City of Sioux Falls v. Mansors, 41 S.D. 105, 168 N.W. 751, for more detailed factual information regarding the action.

The same statute appears in the 1939 Code as Section 45.1141. This section was then amended by Ch. 203, S.L.1947 to read as follows:

> "45.1141. Costs paid by municipality. In any action prosecuted by the city attorney for the violation of any municipal ordinance, if unsuccessful, the municipality shall pay the costs. The taxable costs in such cases tried to a police magistrate shall in no case exceed the sum of Two Dollars."

**It now appears as SDCL 9-29-22 which is being challenged by defendant.**

In our opinion the effect and meaning of the above statute has not materially changed since its construction by this court in the 1918 case of City of Sioux Falls v. Mansors, 41 S.D. 276, 170 N.W. 155. It merely means and provides that in any action prosecuted by a city attorney for the violation of a municipal ordinance the defendant shall pay the costs of such action if found guilty. But if defendant is acquitted or the prosecution is otherwise unsuccessful, the municipality shall pay the costs. In such event the defendant is also entitled to tax costs against the municipality, but in cases tried to a police magistrate the taxable costs shall not exceed the sum of two dollars.

Our construction of the statute removes it from the condemnation of Tumey v. Ohio, supra, and from all doubt as to its constitutionality.

Affirmed.

BIEGELMEIER, WINANS and WOLLMAN, JJ., concur.

RENTTO, P. J., not participating.