STATE, Respondent v. OLSON, Appellant

(203 N.W.2d 187)

(File No. 11060. Opinion filed January 4, 1973)

Clyde R. Calhoon, Brookings, for defendant and appellant.

Gordon J. Mydland, Atty. Gen., C. J. Kelly, Asst. Atty. Gen., Pierre, for plaintiff and respondent.

WOLLMAN, Justice.

Defendant appeals from his conviction on a charge of assault with intent to inflict great bodily injury.

On the evening of Saturday, March 13, 1971, defendant and his wife, Sandra Jean Olson, drove from their home in Volga, South Dakota, to Arlington, South Dakota, where they spent the remainder of the evening in the company of friends at a bottle club known as the Trail Inn. Defendant, who was then 27, and his wife, who was then 21, had been married some 18 months and had one child.

According to Sandra's testimony, defendant became angry with her during the course of the evening over the fact that she had danced with some of his friends, notwithstanding the fact that he had wanted her to dance with them earlier in the evening. She testified that she and the defendant were still arguing about this matter as they left the Trail Inn at about midnight and proceeded back to Volga in their pickup truck on Highway 14. When they were approximately 2½ miles west of Volga defendant started accusing Sandra of being unfaithful to him and mentioned getting a divorce, to which Sandra replied, "Good, I'm tired of supporting you." In response to this statement, defendant stopped the pickup and walked around and opened the door on the passenger's side. He pulled Sandra out of the pickup and then reached under the seat and grabbed a tire wrench with which he struck her on the head several times. Sandra testified that the next thing she remembered was regaining consciousness in a Sioux Falls, South Dakota, hospital

some 63 days later. Her head injuries were so severe that her memory, speech and gait were affected. She suffered some paralysis on her left side and will have some permanent residual effects from the injury to her brain.

Defendant denied that there had been any argument between Sandra and him at the Trail Inn during the course of the evening. He testified that as he and Sandra were driving back to Volga he suddenly heard her say, "I am going to jump," or words to that effect, to which defendant replied, "Don't be silly." Shortly later Sandra opened the door and started to jump out of the pickup, which was then traveling at about 45 miles per hour. Defendant grabbed at her coat but was unable to prevent her from jumping out.

Although there were some discrepancies in Sandra's testimony and lapses in her memory of events, the evidence is sufficient to support the conviction.

■ Defendant's first contention is that the trial court erred in denying his motion for change of venue made under SDCL 23-28-7. Defendant's affidavit in support of the motion stated that he was the driver of a motor vehicle which was involved in an accident near Estelline, South Dakota, in March of 1964 in which two young people were killed. A copy of a news item from the *Brookings Register* relating to the accident was attached to the affidavit. The affidavit further stated that in July of 1967 defendant was a passenger in a motor vehicle which was involved in a collision with another automobile in Brookings, South Dakota, which resulted in permanent injuries to an occupant of the other vehicle. The driver of the car in which defendant was riding was charged with driving while intoxicated. A copy of a news report of this accident which appeared in the *Brookings Register* was attached to the affidavit. Defendant's affidavit further stated that the incident giving rise to the instant prosecution received news coverage on the local radio station in Brookings and in certain newspapers throughout Brookings County, including a story in the *Volga Tribune* which defendant claimed indicated that he was guilty of the charge against him.

Defendant's motion for change of venue was also supported by the affidavit of his attorney. The state filed a written resistance to the motion, although it did not file any rebuttal affidavits.

In ruling on defendant's renewed motion made after the jury had been selected, the trial court stated that:

> "Well, the Court has listened to the voir dire examination and it does not appear that any member that has been drawn is prejudiced in any way. I think the examination shows that very few of the members even heard of this defendant or knew anything about his prior acts, including the automobile accident, or anything else, so the motion is denied."

The record reveals that 27 prospective jurors were called, of whom four were excused for reasons not appearing in the record, the voir dire not having been recorded. Defendant exercised nine of his ten peremptory challenges.

Defendant argues that because the facts set forth in the affidavits in support of his motion for change of venue were not rebutted by affidavits on behalf of the state, a sufficient presumption of prejudice was raised to require that the motion be granted. A similar argument was answered by the Iowa Supreme Court in the case of State v. Loney, Iowa, 163 N.W.2d 378:

> "The movant has the burden to show entitlement to a change of venue. The court has specific statutory discretion in the area, section 778.9, Code, 1966. We do not approve failure of the State to affirmatively meet the showing made by defendant in this situation * * * However, such failure does not rob the trial court of its discretion to determine, under the record made, the necessity or advisability of a change of place for trial.

> "We should add there is no record of the voir dire examination. No showing is made of any difficulty in selection of an impartial jury. It has not shown the jury was, in fact, biased or prejudiced in any way * * *."
> 163 N.W.2d 378, 383.

See also State v. Niccum, Iowa, 190 N.W.2d 815. We think that it was within the trial court's discretion to conclude that defendant's motion and supporting affidavits did not constitute satisfactory proof that defendant could not receive a fair and impartial trial in Brookings County. The newspaper stories appear to be factual accounts of defendant's prior automobile accidents. The story regarding the preliminary hearing in the instant case expressed no opinion as to the guilt or innocence of defendant and contained no other comment on the case or the parties involved. See State v. Kingston, 84 S.D. 578, 174 N.W.2d 636, and State v. Austin, 84 S.D. 405, 172 N.W.2d 284. While it would have been a better practice for the state to have secured and presented rebuttal affidavits in resistance to the motion, we do not believe that the state's failure to do so bound the trial court to accept the statements and conclusions contained in defendant's motion and supporting affidavits. We conclude that the trial court did not err in denying the motion.

Defendant contends that the information filed against him was jurisdictionally defective. The information was titled, "Information for Assault and Battery with Intent to Inflict Great Bodily Injury". It charged that the defendant, LeRoy Olson,

"* * * then and there did willfully and unlawfully use force and violence upon the person of one Sandra Olson with intent to inflict great bodily injury and did thereby commit the offense of assault and battery with intent to inflict great bodily injury as defined in SDCL 22-18-12 * * *."

SDCL 22-18-12 provides that:

"Whoever assaults another with intent to inflict great bodily injury shall be punished upon conviction thereof by imprisonment in the state penitentiary for not less than one year, nor more than five years, or in the county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Defendant argues that because there is no reference in this statute to the word "battery," and because there is no offense set forth in SDCL 22-18 designated "assault and battery with intent to inflict great bodily injury," the information cannot be said to have designated an offense with sufficient clarity so as to enable a man of common understanding to know what was intended, SDCL 23-32-12(6).

▇▇▇ Defendant did not demur to the information on the ground that it did not describe a public offense as he was entitled to do under SDCL 23-36-8(4). While it is true that an objection that the information did not prescribe a public offense was preserved through the trial under defendant's plea of not guilty, it was not preserved for consideration on appeal because of defendant's failure to make a motion in arrest of judgment. SDCL 23-36-9. See State v. Rude, 83 S.D. 550, 162 N.W.2d 884; Rapid City v. Rehfeld, 78 S.D. 294, 101 N.W.2d 396; and State v. Wood, 77 S.D. 120, 86 N.W.2d 530. In any event, the information designated the offense with sufficient clarity, so the error, if any, clearly was harmless. SDCL 23-1-2.

We have considered defendant's other assignments of error and conclude that they do not raise matters requiring a reversal of the conviction.

The conviction is affirmed.

All the Justices concur.