## CITY OF HURON v. CARTER.

1. It seems that where an act is not essentially criminal under the law of the state a municipal ordinance will not make it so.

2. An action to recover a penalty prescribed by a municipal ordinance on account of an act not criminal by the general law of the state, but forbidden by such ordinances, is a civil action.

3. While the legislature cannot compel a litigant to accept less than a constitutional jury, the parties themselves in a civil action may voluntarily consent to a jury of any number.

4. Where a particular jurisdiction is conferred upon an inferior court or tribunal, its decision, when acting within its jurisdiction, is final, unless provision is made for an appeal from such decision.

(Syllabus by the court. Opinion filed Feb. 14, 1894.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by the city of Huron against John B. Carter for violation of a city ordinance. From a judgment for defendant, the city appeals. Reversed.

The facts so far as material are stated in the opinion.

*A. W. Wilmarth,* for appellant.

A prosecution on a part of a city for a violation of its ordinances, which does not amount to a crime or misdemeanor under the laws of the state, is only *quasi* criminal, and the principles of law applicable to the trial of civil causes should be applied to it. State v. Lee, 13 N. W. 914; Chaffin v. County of Waukesha, 22 N. W. 734; Camden v. Block, 65 Ala. 241; City Council of Montgomery v. Foster, 54 Ala. 62; Greenfield v. Mook, 12 Ill. 285; Baldwin v. Chicago, 68 Ill. 418; Horr & Bemis on Municipal Police Ordinance, Sec. 207.

The defendant has no right of appeal except that given by statute. Ward v. People, 13 Ill. 635; Skinner v. Lake Nein Ave. Co., 57 Ill. 153; The Schooner Const. v. Woodworth, 1 Scam. Ill. 510; Edwards v. Van Denacker, 13 Ill. 635; Hordor v. Cutchfield, 18 Ill. 136; Kemper v. Waverly, 81 Ill. 279.

The defendant by the consent of the state and the court could waive a jury of twelve men and be bound by a verdict rendered against it. The right of a jury trial by twelve jurymen guaranteed by the constitution, is a privilege granted the accused which he may waive. State v. Sacket, 38 N. W. 773; State v. Kaufman, 2 N. W. 333; State v. Felter, 25 Ia. 67; State v. Ried, 20 Ia. 413; State v. Ostrander, 18 Ia. 435; Hughes v. State, 4 Ia. 554; Commonwealth v. Dailey, 12 Cush. 80; Murphy v. Commonwealth, 1 Met. 465; Tyra v. Saure, 2 Met. 1; People *ex rel.* Murrey v. Justice, 74 N. Y. 406; State v. Brownsky, 11 Nev. 119; State v. Cox, 8 Ark. 436.

Under the charter of the city of Huron an appeal is only authorized where a fine exceeds twenty dollars. The fine in this case was only five dollars and the costs were taxed at $17.35. It is contended by the respondent that these costs were included in and constituted a part of the fine within the mean-

ing of the charter. Costs are never included in a fine or judg-
ment to change the jurisdiction on appeal. Hakes v. Dott, 6
N. W. 71; Curren v. Excelsior, 18 N. W. 698; Vol. 17, Am. &
Ency. 4, 271; Mayor of Bangor v. Hardt, 40 N. J. 264.

Police regulations for the protection of the public health
are among the most important of which municipal corporations
have power to control, and ordinances relative thereto are to
be liberally construed for the purpose of securing the ends for
which they are enacted. Horr & Bemis on Municipal Police
Ordinance, Sec. 214; Baker v. Boston, 12 Pick. 184; Van War-
ner v. The Mayor etc., 15 Wend. 262.

*T. H. Null,* for respondent.

KELLAM, J. This action was brought against respondent
before the police justice of the city of Huron, for an alleged
violation of one of the health ordinances of the city. At the
proper time the respondent (defendant) demanded a jury trial,
and it was agreed in open court by and between the plaintiff
and the defendant "that the case should be tried by a
jury of six, to be selected from a list of twelve names provided
by the court. The court consented and the jury were regularly
impaneled and selected" pursuant to such agreement. The
jury found the defendant guilty, and the court entered its judg-
ment thereon, imposing a fine, etc. The defendant gave notice
of appeal, and gave an undertaking as required by law in case
of appeal. In the circuit court the city moved to dismiss the
appeal for want of jurisdiction. The motion was overruled,
the case retried on its merits, and the defendant acquitted.
From such judgment of acquittal the city appeals to this court.

We have stated the facts only that bear upon the one ques-
tion upon which we decide the case. A preliminary question,
however, is presented by respondent's motion to dismiss this
appeal on the ground that the action is criminal, and can be
brought to this court only by writ of error. Upon this ques-
tion, whether generally an action for the recovery of a fine for

the violation of a municipal ordinance is a civil or criminal action, the expressions of the courts have not always been harmonious. Municipal authority can and ought to protect the lives, health, and property of its subjects against jeopardy by regulating and even prohibiting altogether, many acts which are allowable and innocent under the general laws of the state. Local or temporary causes will often justify such action, but it may be going too far to say that a city council may, upon its own judgment, make an act criminal in its character which by the law of the state is not criminal. The possession of such power is not necessary for the enforcement of its ordinances. Judge Dillon thinks the better opinion is that where an act is not essentially criminal by the law of the state the municipal ordinance does not make it so. 1 Dill. Mun. Corp. (4th Ed.) § 432. See, also, Town of Brookville v. Gagle, 73 Ind. 117; Ex parte Hollwedell, 74 Mo. 395; City of Oshkosh v. Schwartz, (Wis.) 13 N. W. 552; Miller v. O'Reilly, 84 Ind. 168; Jenkins v. City of Cheyenne, 1 Wyo. 287. There may be difficulty in some cases in applying this principle as a decisive test of whether an action to enforce punishment for the violation of an ordinance is civil or criminal, for there would seem to be some reason for holding an act criminal which is either by the general or local law directly punishable by imprisonment; but there is no such difficulty in this case. The act complained of, and of which the defendant was convicted, was one not forbidden by the general law of the state; nor was it punishable, under the ordinance, by imprisonment as a result of the conviction. We are of the opinion that the action was a civil one, and that it was properly brought to this court by appeal. The motion to dismiss is therefore denied.

The charter of the city (Section 24) gives the police justice exclusive jurisdiction over offenses against the ordinances of the city. Section 27 allows an appeal in such cases as were tried without a jury, and in no others. As already noticed, the city moved the circuit court to dismiss the appeal for the

reason that, the case having been tried before a jury, the defendant had no right of appeal, and, consequently, that that court had no jurisdiction to entertain it. The motion was resisted, in respect to that ground, upon the theory that six men did not constitute a jury, the charter providing for a jury of twelve; and that, therefore, it was a case tried without a jury. The action was civil, as we have determined, and it was perfectly competent for the parties to agree to a jury of less than the regular number. The law could not compel a litigant to accept less than a constitutional jury, but there is nothing in the constitution or statute which prevents his voluntarily consenting to a jury of any number. Upon this question, see Vaughn v. Scade, 30 Mo. 600; Millett v. Hayford, 1 Wis. 401; Gillespie v. Benson, 18 Cal. 410; Cravins v. Grant, 4 T. B. Mon. 126; Roach v. Blakey, (Va.) 17 S. E. 228. We think it was a case tried by a jury. There is no right to appeal unless an appeal is authorized by statute, and it was competent for the legislature to give the right in cases tried without a jury, and to withhold in cases tried with a jury. The principle is too well settled to be questioned, that, when a particular jurisdiction is conferred upon an inferior court or tribunal, its decision, when acting within its jurisdiction, is final, unless provision is made for an appeal from such decision. Black Hills Flume & Min. Co. v. Grand Island & W. C. R. Co., (S. D.) 51 N. W. 345; Ward v. People, 13 Ill. 635; Edward v. Vandemack, Id. 633; Street v. Francis, 3 Ohio, 277; Grover v. Coon, 1 N. Y. 536. If the law did not authorize the removal of this cause by appeal from the police justice to the circuit court, it follows that the latter court had no jurisdiction to entertain or retry it, but should have dismissed the appeal. We think the court erred in not so doing. The case is remanded to the circuit court, with directions to vacate its judgment and dismiss the appeal. All the judges concur.