### BELATTI v. PIERCE, Police Justice.

The charter of the city of Watertown (Sections 25, 27), authorizing a police justice to try certain cases for violation of ordinance without a jury, and allowing an appeal in such cases only when imprisonment exceeding 10 days or a fine exceeding $20 is imposed, violates Const. Art. 6, § 6, declaring and extending the right of trial by jury to all cases at law irrespective of the amount in controversy, and Sec. 7, declaring the right to trial by an impartial jury in all criminal prosecutions.

(Opinion filed April 18, 1896.)

Appeal from circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

*Certiorari* to review the proceeding by which plaintiff was found guilty of violation of a city ordinance, and fined.

From a judgment of the circuit court declaring the proceedings regular, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Bennett & Sheldon*, for appellant.

*E. A. Gove*, for respondent.

HANEY, J. Plaintiff was arrested and brought before defendant, police justice in and for the city of Watertown, charged with unlawfully keeping and having in his possession at his place of business in said city a certain gambling device. He appeared with counsel, entered a plea of not guilty, and before the commencement of the trial demanded, in writing, a jury trial. This demand was denied, defendant excepted, and objected to any further proceedings, upon the ground that the court had no authority to proceed without a jury. Testimony was submitted on behalf of the city, and none was offered by defendant. The court found him guilty as charged in the complaint, and imposed a fine of $17.35. Subsequently a writ of *certiorari* was issued by the circuit court, and the record of the police justice was duly certified to such court, wherein it was adjudged that the proceedings in the police court were regular

under the city charter, and should be in all respects affirmed. From this decision the plaintiff appeals to this court.

Watertown is governed by a special charter, granted in 1885. Sections 25 and 27 provide, respectively, that in cases arising under the ordinances of the city no change of venue shall be allowed, and the same shall be tried by the police justice without a jury, except in cases in which imprisonment exceeding ten days is by ordinance a part of the punishment, and the defendant demands a trial by jury before the commencement of the trial; and in all ordinance cases tried by the justice without a jury where the judgment is for imprisonment exceeding 10 days, or a fine exceeding $20, an appeal may be taken by the defendant to the circuit court of the county at any time within 10 days after the rendition of the judgment, by giving oral or written notice thereof to the justice, and by filing a bond conditioned as provided by the said act. The ordinance appellant is charged with having violated provides that anyone convicted of its violation shall be fined in any sum not exceeding $50, to which may be added imprisonment for any period not exceeding five days. Such being the ordinance and amount of fine imposed, plaintiff could, under the express terms of the charter, neither appeal nor have trial by jury. But one question is presented, namely does the charter conflict with the constitution in that the accused is deprived in any event of a jury trial? The constitution of this state provides as follows:

"Art. 6, § 6. The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy, but the legislature may provide for a jury of less than twelve in any court not a court of record, and for the decision of civil cases by three-fourths of the jury in any court.

"Section 7. In all criminal prosecutions the accused shall have the right to defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to meet the witnesses against him face to face;

and to have compulsory process served for obtaining witnesses in his behalf, and to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

In the view we take of these sections, it becomes unnecessary to decide whether the action is civil or criminal. If criminal, plaintiff was certainly entitled to a public trial by an impartial jury; if civil, it is a case at law to which the right of trial by jury is extended by the express language of the constitution. The doctrine declared in states where the right of trial by jury is merely preserved, as it existed when the constitution was adopted, has no application in this state, because here it is not only to remain inviolate, but is expressly extended to all cases at law, without regard to the amount in controversy. Authorities cited by counsel for respondent have been examined, but are not applicable, for the reason they are supported by constitutional provisions entirely different from those in this state. Under these provisions the law cannot compel a litigant, even in a civil action, to accept less than a constitutional jury. City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947. So far as the charter in question operates to deprive persons of the right to a jury trial in cases of violation of city ordinances, it is in conflict with the state constitution, and void. The judgment of the circuit court is reversed, and the case remanded for such further proceedings as may be proper, and consistent with this opinion.