## SHAW et al. v. SHAW.

Prob. Code, § 359, providing that, when a contest of the probate of a will is appealed to the circuit court on questions of fact, the trial in the circuit court must be de novo, as if the case had originated there, and that such court has the same power to decide questions of fact which the county court had, though it may, as in suits in chancery, make an order for a trial by jury, is not in conflict with the constitutional provision that the trial by jury shall remain inviolate and extend to all cases at law, without regard to the amount in controversy; such provision being intended merely to preserve the right to a trial by jury which existed under the common law, which does not include probate proceedings, which were justiciable only in the ecclesiastical courts.

In a contest of the probate of a will appealed to the circuit court, it was not an abuse of the trial court's discretion to make findings of fact and conclusions of law after a disagreement of the jury drawn to try the issues of fact.

(Opinion filed, November 14, 1911.)

Appeal from the Circuit Court, Clay County; Hon. R. B. TRIPP, Judge.

Application for the probate of the will of William Shaw, in which James Henry Shaw and others filed objections and Retha B. Shaw filed an answer to such objections. From a decree of

the circuit court on appeal from the county court admitting the will to probate, contestants appeal. Affirmed.

*Thomas Sterling* and *W. O. Knight,* for appellants.

Contest of a will on the ground that it was obtained by fraud, is not a proceeding of an equitable nature, and courts of equity will not take jurisdiction, Andrew's American Law, p. 1084; Bispham's Principles of Equity, p. 286 sec. 199; Allen v. McPherson, 1 H. L. Cas. 191 in re Broderick's Will, 21 Wall. 503 Gains v. Chew, 2 How. 619 California v. McGlynn, 20 Cal 233 III Pomeroy's Eq. Juris, sec. 913; Archer v. Meadows, 33 Wis. 166; Spaulding v. White, 173 Ill. 127; Moyer v. Swygart, 125 Ill. 262; Langdon v. Blackburn, 109 Cal. 119; Garland v. Smith, 28 S. W. 196.

The validity of wills of real estate is solely cognizable by courts of common law in the ordinary forms of suits, and the verdict of the jury in such suits, and the judgment thereon, are, by the very theory of the law, conclusive only as between the parties to the suit and their privies.    Thompkins v. Thompkins 1 Story's Rep. 547, State of California v. McGlynn, 20 Cal. 269.

*C. H. Dillon,* for respondent.

Probate courts are creatures, not of the common law, but of statutes. Ferris vs. Higley, 20 Wall. 375. The right to dispose of property by will is always considered purely a creature of statute. Selden v. Illinois Trust Bank, 87 N. E. 860; United States v. Perkins, 163 U. S. 625; Kochersperger v. Drake, 167 Ill. 122. A trial by jury cannot be had in a probate court unless expressly authorized by statute, since such courts, having always proceeded without the intervention of a jury, are not within the application of the constitutional provisions relating to jury trial. 24 Cyc. 104. Only in those probate proceedings where the statute expressly confers a right to a trial by jury does the right exist. Cartwright v. Holcomb, 97 Pac. 385. The constitutional guarantee of the right to trial by jury in civil cases, provided by the 7th amendment, extends only to suits at common law, and the present controversy is not such

a suit. Moody v. Found, 208 Ill. 78, 69 N. E. In a will contest a jury is not a matter of right. Wills v. Lochnane 9 Bush. 547; Page on Wills, Sec. 331; Gallon v. Haas, 67 Kan. 225, 72 Pac. 770; Rich v. Bowker, 25 Kan. 7; Woerner on American Law of Administration, Sec. 543, 550; The Will of Timothy Jackman, 26 Wis. 104; In re Welch's Will 37 Atl. 250; Gilruth v. Gilruth, 40 Iowa 346; Clayson v. Clayson, 66 Pac. 410; Fay v. Vanderford, 28 N. E. 681; Withee v. Rowe, 45 Me. 571; Bradstreet v. Bradstreet, 64 Me. 204; Miller v. Miller, 10 Tex. 319; Rathjens v. Merrill, 80 Pac. 754; Smith v. Jundert, 115 N. W. 76.

McCOY, J. [1] The will of William Shaw having been offered for probate in the county court of Clay county, the appellants filed their written objections and contest to the probate of said will, alleging various grounds of objection. The respondent made and filed answer to said objection and contest. On the hearing in the county court, decision was in favor of respondent, and an order and decree entered admitting said will to probate, from which said order and decree contestants appealed to the circuit court. When the cause was brought on for trial in the circuit court, a jury was impaneled to try the issues between the parties. After hearing all the evidence, the cause was submitted to the jury. The jury, not being able to agree upon a verdict, were discharged from further consideration of the case. Whereupon the respondent moved the court for findings of fact and conclusions of law in her favor upon the testimony produced before the jury. Appellants duly objected to said motion on the ground, among others, that this action is not of an equitable nature, but is in its nature an action or proceeding at law, and that appellants are entitled to a trial of the issues by a jury as a matter of right The objections were overruled by the court, to which ruling appellants duly excepted, and the court thereupon made findings of fact and conclusions of law and entered judgment in favor of respondent, from which judgment of the circuit court this appeal is taken.

The sole question brought up for review is as to the right of the court to determine the issues involved and to render judgment

without a jury; trial by jury not having been waived, and appellants having objected to trial by the court without a jury. We are of the opinion that the contention of appellants is not well founded and not supported by the weight of judicial authority. In an exhaustive annotated note in the case of Estate of Dolbeer, 15 Am. & Eng. Ann. Cas. 211, the rule is stated thus: "Although there is some conflict of opinion on the question whether there is a constitutional right to a trial by jury in a will contest, the weight of authority is to the effect that such a constitutional right does not exist, either by virtue of the seventh amendment of the Constitution of the United States, or by reason of the provisions in the Constitutions of the various states relating to the preservation of the right of trial by jury"—and citing Cummins v. Cummins, 1 Marv. (Del.) 423, 31 Atl. 816; Lavey v. Doig, 25 Fla. 611, 6 South. 259; Moody v. Found, 208 Ill. 78, 69 N. E. 831; Wright v. Fultz, 138 Ind. 594, 38 N. E. 175; Wills v. Lochnane, 9 Bush (Ky.) 550; Davis v. Davis, 123 Mass. 590; Schmidt v. Schmidt, 47 Minn. 451, 50 N. W. 598; Cartwright v. Holcomb, 21 Okl. 548, 97 Pac. 385; Clayson v. Clayson, 26 Wash. 253, 66 Pac. 410. In Estate of Dolbeer, supra, also reported in 96 Pac. 266, and 153 Cal. 652, the California Supreme Court said: "Contestant demanded a trial by jury, which the court refused to grant. Contestant here contends that he was legally and of right entitled to a jury or that a trial by jury was certainly discretionary, and the court abused its discretion in not according it to him. The right to a trial by jury secured by the Constitution has no reference to or bearing upon proceedings in probate. It has been held that the right of trial by jury is secured by the Constitution only in cases where it has previously existed, in the administration of justice in the course of common law. Probate matters belong to ecclesiastical jurisdiction, where a jury was not a right. Such a proceeding is not really an action at law as defined in the Code. A contest of a will and proceedings to revoke its probate are special proceedings. It follows then, in the absence of a statute providing for a trial by jury, probate proceedings have always been heard by the court without the intervention of a jury. Only in those probate proceedings when the statute expressly confers a right to

a trial by jury does the right exist." The Constitution of California on the question involved in this case is substantially the same as the Constitution of this state.

The case of Moody v. Found, supra, in principle, is precisely the same as the case at bar. In that case, as in the case at bar, the contest was initiated in the county court, and from an order or judgment of the county court admitting the will to probate appeal was taken to the circuit court. On appeal to the Supreme Court of Illinois it was held that the state Constitution, providing that the right to trial by jury as heretofore enjoyed shall remain inviolate, does not confer on one contesting the probate of a will the right to demand a jury trial in the circuit court on an appeal from a judgment of the county court admitting the will to probate, that the same issues involved in the circuit court, on appeal were tried in the county court, and those issues on appeal are to be determined by the circuit court without a jury, the same as they were tried without a jury and before the court in the county court. In rendering the opinion the Illinois Supreme Court said: "The jurisdiction to admit wills to probate has never been exercised by the common-law courts as a part of their common-law jurisdiction, but, prior to the establishment of probate courts, the ecclesiastical courts of England, and the analogous courts of this country, exercised that jurisdiction, and that jurisdiction, as now exercised by the county court of this state, is purely statutory, so that the constitutional provision that 'the right to trial by jury as heretofore enjoyed shall remain inviolate' did not confer upon appellant the right to demand a jury upon the trial of said appeal in the circuit court, as it has been uniformly held that such constitutional provision was designed only to secure the right to trial by jury as it had heretofore been enjoyed in those tribunals which exercised common-law jurisdiction, and was not intended to confer such right in any class of cases where it had not formerly existed. Nor was it intended to introduce the jury system into those summary jurisdictions which were unknown to the common law." The Illinois constitutional provision is similar in effect to

that of South Dakota, as applied to the question involved in this case.

The only effect of the clause, "and shall extend to all cases at law without regard to the amount in controversy," found in the Constitution of this state, was to extend the constitutional privilege of trial by jury to those cases of small amount not within the seventh amendment of the federal Constitution, and some state Constitutions; otherwise the constitutional provision of this state "that trial by jury shall remain inviolate" is substantially the same as in many other states, and applies to law cases triable by jury as a matter of right as theretofore existed in the territory of Dakota prior to the going into effect of the Constitution of this state. The "law cases" comprehended within this clause of our Constitution applied to all those cases which at common law or by the statute of the territory of Dakota were triable by a jury on the law side of the court. In re McClellan's Estate, 20 S. D. 498, 107 N. W. 681. In re Welch's Will, 69 Vt. 127, 37 Atl. 250, the court held probating and contest of a will was not within a similar constitutional provision and was not a case at law. The case of Cartwright v. Holcomb, 21 Okl. 548, 97 Pac. 385, is directly in point and holds that, on an appeal to the district court from a judgment of the probate court refusing to admit a will to probate, the case was not one at law in which a jury trial was demandable as a matter of right. Hudson v. Hughan, 56 Kan. 152, 42 Pac. 701, is to the same effect.

In Schmidt v. Schmidt, supra, the Supreme Court of Minnesota, under precisely the same constitutional provision as exists in this state, said: "Section 4, art. 1, of the state Constitution, ordains that the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy. The doctrine of this court has uniformly been that the effect of this constitutional provision is merely to continue, unimpaired and inviolate, the right to trial by jury as it existed in the territory at the time of the adoption of the Constitution, that it neither added to nor took from that right, except that it was extended to all cases at law without regard to the amount in con-

troversy. It would not be claimed that a proceeding to probate a will is a case at law as that term is generally understood and construed by this court. It therefore follows that a right of trial by jury in such proceeding was not given by the territorial statutes in force at the time of the adoption of the Constitution, and consequently is not within the constitutional guaranty."

In this state there was not under the territorial law, neither is there at this time, a statute giving to either party to an action or proceeding contesting the right to probate a will the right to a jury trial as a matter of right. Section 359, Probate Code, under which this case was appealed from the county to the circuit court, provides that, when an appeal is on questions of fact, the trial in the circuit court must be de novo, and shall be conducted as if the case had lawfully originated in that court, and such appellate court has the same power to decide the questions of fact which the county court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any or all the material issues of fact between the parties. This section was part of the statute law of this state at the time of the adoption of our Constitution. Section 359 places the trial of all such appeal cases in the same class with chancery cases for the purposes of trial procedure. In re McClellan's Estate, 20 S. D. 498, 107 N. W. 681, this court held that on appeal to the circuit from the county court, from an order appointing an administrator, the right to trial by jury did not extend to such case. The provisions of section 359 are not in conflict with either the state or federal Constitutions relating to trial by jury as a matter of right. This court has heretofore held in Engle v. Yorks, 7 S. D. 254, 64 N. W. 132, that, when a jury is called in the circuit court in a case appealed from the county court, the verdict in such case is only advisory to the court, and that the court might adopt and use the verdict, or it might decline to do so and make findings of its own. The provision in section 359 that, in the circuit court, the case shall be tried de novo as if it had originated in that court, does not invest the circuit court with any new or additional jurisdiction not possessed by the county

court. The circuit court for the time being and for the purposes of that trial is exercising probate jurisdiction, brought by means of the appeal, from the county to the circuit court. This seems to be the view expressed in Moody v. Found, supra. In re Skelly's Estate, 21 S. D. 424, 113 N. W. 91; Cartwright v. Holcomb, supra.

[2] The trial court did not abuse its discretionary power in making findings of fact and conclusions of law after the disagreement of the jury.

Finding no error in the record, the judgment appealed from is affirmed.