CITY OF BROOKINGS, Respondent v. THOMSEN, Appellant

(176 N.W.2d 46)

(File No. 10740. Opinion filed March 24, 1970)

**Lester H. Herbrandson,** Estelline, for defendant and appellant.

**Frank E. Denholm** and **Alan F. Glover,** Brookings, for plaintiff and respondent.

HOMEYER, Judge.

A complaint was filed against the defendant in the District County Court,[1] Seventh District, which includes the City of Brookings, charging him with violating the provisions of Section 13.0341[2] of Ordinance No. 460 of that city prohibiting "Exhibition Driving". It alleged the defendant at a specified place within the city drove a Chevrolet automobile side by side with another vehicle simulating a temporary race at a high rate of speed with excessive engine noise.

The defendant pleaded not guilty and demanded a jury trial which was refused. Upon a trial to the court he was found guilty and judgment was entered sentencing him to the county jail for 30 days and requiring him to pay a fine of $25.00 and costs of $13.30, with the jail sentence suspended upon payment of the fine and costs.

On appeal, and as one of his grounds for reversal, he asserts the court erred when it denied him a jury trial. We elect to first consider this contention.

---

1. In Brookings jurisdiction of the Municipal Court has been transferred to the District County Court. SDCL 16-9-31 et seq.

2. "Any person who drives a vehicle within the limits of the City of Brookings in such a manner that creates or causes unnecessary engine noise, or tire squeal, skid or slide upon acceleration or stopping; or that simulates a temporary race; or that causes the vehicle to unnecessarily turn abruptly or sway shall be guilty of Exhibition Driving."

A long line of decisions in both state and federal courts have distinguished rights which must be accorded defendants in prosecutions for violations of municipal ordinances from those guaranteed in the trial of more serious offenses. Wharton in his text on Criminal Law and Procedure, Vol. 1, § 12, says:

"At common law and independently of statutory enactments, punishments for violations of municipal ordinances are treated as civil actions, the imprisonment, after the noncompliance with the order of the court imposing the payment of a fine, being looked on not in the light of a punishment, but as a means of compelling a compliance with the order of the court and of enforcing payment, and such view is generally followed. Whether they are to be so regarded depends to a great extent on whether such offenses are made punishable by the general law as crimes or misdemeanors. If such violations are not made crimes by the general law, the proceedings to enforce or for a violation of such ordinances are civil in their nature. If such offenses are made crimes or misdemeanors by the general law of the state, the proceedings must be considered as criminal in their nature. The distinction appears to be correct, for many of the offenses which are punishable under municipal ordinances are not offenses against the state, either by the common or the statute law, and are made so only by the ordinance in the particular case in question, and for this reason they have been termed 'quasi-criminal.' "

McQuillin, Municipal Corporations, Vol. 9, § 27.06, page 610, states it as follows:

"The weight of judicial authority declares that the prosecution is in the nature of a civil action for the recovery of a debt. Thus, prosecutions for violations of ordinances are not 'criminal,' as that term is used in constitutions and statutes. And the fact that the process shall be a warrant and that the one named therein may be arrested and retained in custody or under reasonable rec-

ognizance until the next sitting of the local court, and moreover, that in event of judgment against defendant and refusal or neglect to pay the same, he may be committed, does not render the case criminal. The courts of Alabama, Georgia, Illinois, Missouri, New York, Ohio, South Dakota, Tennessee, Wisconsin, Wyoming, and in fact, a large majority of the courts of this country entertain, and have expressed, substantially like views."

In an early Minnesota case, City of Mankato v. Arnold, 1886, 36 Minn. 62, 30 N.W. 305, under statutes which vested their municipal courts with jurisdiction similar to that accorded by the legislature to such courts in our state, the claim was made that denial of a jury trial on a claimed violation of a city ordinance deprived the defendant of a constitutional right. The court said:

"The provisions of the constitution which relate to the subject are article 1, § 4, which is intended to preserve and continue the right of trial by jury as already existing when the constitution was adopted, and section 6, which guarantees the right of trial by jury in all 'criminal prosecutions.' As respects prosecutions for offenses against the municipal authority simply, the provisions of the act referred to, violate neither of these sections. Before the adoption of the constitution, and generally in this country and in England, except when otherwise expressly ordained by legislative enactment or constitutional provisions, the prevalent practice and rule was to dispense with jury trials in municipal prosecutions for the violation of ordinances. Byers v. Com., 42 Pa.St. 89; 1 Dill Mun. Corp. (3d Ed.) § 428; Proff. Jury, § 84."[3]

In State ex rel. Erickson v. West, 42 Minn. 147, 43 N.W. 845, the Minnesota court said " 'the right of trial by jury shall remain inviolate,' " meant as it existed when the constitution was adopted and "this right exists in all cases where by statute an

---

3. Art. 1, § 4 of the Minnesota Constitution and Art. VI, § 6 of the South Dakota Constitution are essentially the same. Likewise Art. 1, § 6 and Art. VI, § 7.

act is made an offense against the peace and dignity of the state, yet this does not necessarily include petty offenses for the violation of police ordinances of municipalities, which almost always have been, according to established modes of procedure, and from the necessities of the case must be tried, summarily without a jury, the penalties being, as they appropriately should be, comparatively light."

In State of Minnesota v. Ketterer, 248 Minn. 173, 79 N.W.2d 136, after quoting at length from Judge Mitchell's opinion in the West case, the court said:

"Although prosecutions for violations of municipal ordinances are intrinsically criminal in nature, within the literal meaning of the term 'criminal prosecutions' as used in Minn.Const. art. 1, § 6, it does not follow that the constitutional guarantee applies to them. They fall outside the constitution, not because they are non-criminal, but purely for historical reasons. It is elementary that the constitution preserves the right to jury trial only to the extent that such right existed by the laws of our territory when the constitution was adopted, and such right was thereby neither extended nor limited.

"Prior to the adoption of the constitution, the right of jury trial existed under territorial law only with respect to those criminal prosecutions relating to acts which by statute had been made offenses against the peace and dignity of the state **as a whole** and not to those offenses involving nothing more than a violation of municipal police regulations or ordinances. These so-called petty offenses had always theretofore been punishable by magisterial officers, in a summary way, without a jury, both in England and in the Colonies. In fact, prior to the adoption of the constitution, despite the intrinsically criminal character of certain ordinance violations, proceedings for their enforcement were treated as civil actions; the majority of states have regarded them as civil actions for the recovery of a debt. Clearly,

ordinance violations at common law, and prior to the adoption of our Federal and state constitutions, were placed in an entirely different category from violations enacted for the protection of the realm as a whole. Instead of trying to distinguish such ordinances on the basis that they are civil, noncriminal, or quasi-criminal, it should be frankly recognized that they are criminal enactments which are historically sui generis." See also Austin v. City and County of Denver, Colo., 462 P.2d 600.

Similarly decisions in this state seem to demonstrate that prosecutions for violations of municipal ordinances are sui generis and in classifying them sometimes appear inconsistent. Citing City of Huron v. Carter, 5 S.D. 4, 57 N.W. 947 and City of Sioux Falls v. Kirby, 6 S.D. 62, 60 N.W. 156, 25 L.R.A. 621, this court has held the rules of criminal pleading were not applicable for a violation of the health ordinance of a city. City of Lead v. Klatt, 11 S.D. 109, 75 N.W. 896. In City of Madison v. Horner, 15 S.D. 359, 89 N.W. 474, and City of Madison v. Cameron, 15 S.D. 361, 89 N.W. 1134, it was held violations of city ordinances were not criminal actions, but civil actions and could only be brought to the Supreme Court by appeal and not by writ of error. We have said a proceeding in municipal court, City of Sioux Falls v. Famestad, 71 S.D. 98, 21 N.W.2d 693, and in justice court, City of Redfield v. Wharton, 79 S.D. 557, 115 N.W.2d 329, for violation of a city ordinance though quasi-criminal in nature is not a criminal prosecution, but is a civil action and may be prosecuted upon a complaint. In Webster v. Knewel, 47 S.D. 142, 196 N.W. 549, we said "Even though the act forbidden by the ordinance amounts under the state and federal law to a criminal offense, yet the violation of the ordinance is not a criminal offense, therefore the above constitutional provisions (art. 6, § 10) has no application to an action brought by the city for a violation of the ordinance." On the other hand we said in Rapid City v. Rehfeld, 78 S.D. 294, 101 N.W.2d 396, that prosecution in municipal court for violation of a city ordinance "apparently is criminal in nature and should apprise a defendant with reasonable certainty of the accusation against

him so that he may prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same violation."

In Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, the Supreme Court of the United States extended to the citizens of the states the right to trial by jury **for serious offenses** under the Fourteenth Amendment as guaranteed by the Sixth Amendment. However, the court made it plain that the Sixth Amendment guaranty was not constitutionally required in cases involving petty offenses. Justice White in the majority opinion wrote:

"So-called petty offenses were tried without juries both in England and in the Colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment's jury trial provisions. There is no substantial evidence that the Framers intended to depart from this established common-law practice, and the possible consequences to defendants from convictions for petty offenses have been thought insufficient to outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications. These same considerations compel the same result under the Fourteenth Amendment. Of course the boundaries of the petty offense category have always been ill-defined, if not ambulatory. In the absence of an explicit constitutional provision, the definitional task necessarily falls on the courts, which must either pass upon the validity of legislative attempts to identify those petty offenses which are exempt from jury trial or, where the legislature has not addressed itself to the problem, themselves face the question in the first instance. In either case it is necessary to draw a line in the spectrum of crime, separating petty from serious infractions. This process, although essential, cannot be wholly satisfactory, for it requires attaching different consequences to events which, when they lie near the line, actually differ very little."

■ Whether or not we consider prosecutions for violations of municipal ordinances civil or criminal or a hybrid form of either, we now hold the defendant does not have a constitutional right to a jury trial for a violation of the municipal ordinance under which he was charged.[4] In so doing we overrule any language used in Belatti v. Pierce, 8 S.D. 456, 66 N.W. 1088; 10 S.D. 63, 71 N.W. 755, indicating to the contrary.

■ In our opinion, Article 6, §§ 6 and 7 of our constitution do not apply to violations of municipal ordinances since they are sui generis and were not "cases at law" or "criminal actions" either historically or at common law. The former is consistent with our holding in probate matters and will contests. In re McClellan's Estate, 20 S.D. 498, 107 N.W. 681; Shaw v. Shaw, 28 S.D. 221, 133 N.W. 292. In the latter case, the court said:

> "The only effect of the clause, 'and shall extend to all cases at law without regard to the amount in controversy,' found in the Constitution of this state, was to extend the constitutional privilege of trial by jury to those cases of small amount not within the seventh amendment of the federal Constitution, and some state Constitutions; otherwise the constitutional provision of this state 'that trial by jury shall remain inviolate' is substantially the same as in many other states, and applies to law cases triable by jury as a matter of right as theretofore existed in the territory of Dakota prior to the going into effect of the Constitution of this state. The 'law cases' comprehended within this clause of our Constitution applied to all those cases which at common law or by the statute of the territory of Dakota were triable by a jury on the law side of the court."

---

4. It is conceded that maximum punishment provided by the ordinance was a fine of $100 and 30 days in jail. In Austin v. City and County of Denver, supra, the Colorado court held a proceeding for violation of a municipal ordinance although criminal in nature since it imposed penal sanctions was not a criminal offense within the meaning of the Colorado Constitution. The court then adopted a standard which in the absence of legislative mandate by statute or charter and ordinance fixed as a petty offense constitutionally triable by the court without a jury crimes or offenses where maximum punishment did not exceed six month's imprisonment or a fine of $500.00, or both. See also Justice White's opinion in Duncan v. Louisiana, supra.

Since neither at common law nor under territorial law at the time of adoption of our constitution did defendant have the right to trial by jury for violations of municipal ordinances and other petty offenses, it follows that he does not now have such a constitutional guaranty. State v. Amick, 173 Neb. 770, 114 N.W.2d 893; State v. Lookabill, 176 Neb. 254, 125 N.W.2d 695; 176 Neb. 415, 126 N.W.2d 403.

■ Having determined that the defendant was not constitutionally entitled to a jury trial we examine our statutes to determine if the legislature has granted him such right. SDCL 16-11-55 provides:

> "The municipal court shall have exclusive original jurisdiction to try and determine all cases arising under the ordinances of the municipal corporation. Such prosecutions shall be governed by the provisions of this chapter, except that the city shall be named as party plaintiff **and where the penalty for violation of such ordinance provides for the imposition of a jail sentence the measure or degree of proof shall be beyond reasonable doubt as in criminal actions.** All fines, penalties, and forfeitures when collected shall be paid into the city treasury."

This statute had its inception in the statute creating the municipal court as a court of record. S.L. 1907, Ch. 191. Section 13 thereof provided such "court shall also have exclusive original jurisdiction to try and determine all cases, both civil and criminal, arising under the ordinances of such city." In the 1919 revision, it was separated, §4468, and the italicized portion was added in 1966. S.L. 1966, Ch. 143, Section 1. SDCL 23-56-4 provides:

> "All criminal actions in the municipal court in which the defendant enters the plea of guilty, or in which he does not demand a jury trial at the time or before entering the plea of not guilty, may be heard and determined by the court, without a jury, on any business day in term time or vacation."

The source of this statute is Section 12 of Ch. 191, S.L. 1907, which sets forth the criminal jurisdiction of the municipal court. An analysis of the statutes mentioned and others related thereto pertaining to jury trials in municipal court causes us to conclude that the legislature has always treated prosecutions under city ordinances as sui generis. It has never expressly granted or denied violators the right to trial by jury. However, it is apparent that such cases have never been considered criminal in a true sense. This is manifested by the most recent legislative enactment, SDCL 16-11-55, when the legislature provided that in ordinance cases "where the penalty \* \* \* provides for the imposition of a jail sentence the measure or degree of proof shall be beyond reasonable doubt as in criminal actions." It logically follows in all other respects the legislature assumed rules and procedures in civil actions were applicable.

SDCL 15-32-26 provides in civil actions although a jury trial is demanded it "may be tried by the court unless it involves an issue of fact triable by jury as a constitutional right." Having determined that the defendant had no such constitutional right, and it appearing the legislature has not granted the right by statute, we hold the court did not err in denying him a trial by jury.

 Defendant also asserts the ordinance is unconstitutional because he says it is vague, indefinite, and uncertain. We do not agree. Although penal in nature we are satisfied the language used in the ordinance when given its fair and ordinary meaning describes the prohibited act and conduct. Penal ordinances like penal statutes should be construed according to the fair import of their terms to effectuate their objects and promote justice. See SDCL 22-1-1 and State ex rel. Strauser v. Jameson, 76 S.D. 490, 81 N.W.2d 304.

██ Lastly, defendant contends the court erred when it denied his motion to dismiss the complaint on the ground that it did not state an offense. There is no merit in this contention. The complaint charged the defendant with Exhibition Driving under the city ordinance. See note 2, supra. It was not neces-

sary to allege or prove all parts of the prohibited conduct to state or establish the offense.

Judgment affirmed.

All the Judges concur.