CITY OF BROOKINGS, Respondent v.
ROBERTS, Appellant

(226 N.W. 2d 380)

(File No. 11391. Opinion filed February 21, 1975)

Lewayne M. Erickson, P.C., Brookings, for defendant-appellant.

Alan F. Glover and Ronald C. Aho, Brookings, for plaintiff-respondent.

COLER, Justice.

Complaints were filed against the defendant charging him with violating provisions of Sections 5-8 and 25-3 of Ordinance 715 of the City of Brookings, being charges, respectively, of public intoxication and resisting arrest.

Defendant initially appeared in district county court for the seventh district without an attorney on July 9, 1973, at which time he was advised of his constitutional rights without mention of his right or absence of right to a jury trial. At the time, he entered a plea of not guilty.

The record indicates that on or about August 15, 1973, counsel had entered an appearance at which he reaffirmed the plea and demanded a jury trial. This demand for jury trial was apparently denied. On August 20, 1973, the time set for trial, defendant appeared personally and by counsel. The two cases were consolidated for trial to the court and upon trial the defendant was found not guilty of public intoxication but was found guilty of resisting arrest. Judgment was entered requiring him to pay a fine of $75 and the costs of $5 together with a jail sentence of five days with the jail sentence suspended on condition of good behavior for six months.

On appeal, defendant's principal ground for reversal was his assertion that the court erred when it denied defendant's request for a jury trial. Respondent city while denying the existence of a right to jury trial insists he waived any right by failure to make timely demand therefor. These points we consider for the disposition of this case as they obviously troubled the trial court when, after the trial, the judge stated, "I wish I would have given you the privilege of trying it to a jury, but you're not entitled to it."

We reverse upon concluding the defendant should have been afforded a jury trial as was his privilege and the demand was timely made. While the court erred it cannot be faulted given the state of confusion occasioned by our statutory and case law at this time. Decisions of this court construing the right to a jury trial for violation of municipal ordinances under Art. VI, §§ 6 and 7 of our Constitution have hinged on classification of various offenses. This court in Belatti v. Pierce, 1896, 8 S.D. 456, 66 N.W. 1088; Belatti v. Pierce, 1897, 10 S.D. 63, 71 N.W. 755, after considering City of Huron v. Carter, 1894, 5 S.D. 4, 57 N.W. 947, determined that it mattered not whether actions for violations of ordinances were civil, criminal, or quasi criminal as the constitutional provisions covered both and a jury trial was guaranteed. This concept stood fast until, in City of Brookings v. Thomsen, 1970, 84 S.D. 651, 176 N.W.2d 46, this court overruled Belatti v. Pierce, supra, classifying municipal ordinance prosecution as neither civil nor criminal but "sui generis". Further classification occurred in Parham v. Municipal Court, City of

Sioux Falls, 1972, 86 S.D. 531, 199 N.W.2d 501, when after considering the nature and consequences of a municipal ordinance prohibiting driving while intoxicated, this court determined that the seriousness of the offense required it to be labeled of a "criminal character" and declared it within the constitutional guaranty of a trial by jury. While overruling Belatti v. Pierce, this court in City of Brookings v. Thomsen, recognized the long standing rule of constitutional construction of Art. VI, §§ 6 and 7 and quoted with favor from Shaw et al. v. Shaw, 1911, 28 S.D. 221, 133 N.W. 292 as follows:

> "The only effect of the clause, 'and shall extend to all cases at law without regard to the amount in controversy,' found in the Constitution of this state, was to extend the constitutional privilege of trial by jury to those cases of small amount not within the seventh amendment of the federal Constitution, and some state Constitutions; otherwise *the constitutional provision of this state 'that trial by jury shall remain inviolate' is substantially the same as in many other states, and applies to law cases triable by jury as a matter of right as theretofore existed in the territory of Dakota prior to the going into effect of the Constitution of this state. The 'law cases' comprehended within this clause of our Constitution applied to all those cases which* at common law or *by the statute of the territory of Dakota were triable by a jury on the law side of the court."* (emphasis supplied) 84 S.D. at 658, 176 N.W.2d at 50.

While we concluded in City of Brookings v. Thomsen, 84 S.D. at 659, 176 N.W.2d at 50, based on Nebraska decisions, that "at the time of adoption of our constitution  *   *  defendant [did not] have the right to trial by jury for violations of municipal ordinances and other petty offenses, it follows that he does not now have such a constitutional guaranty", that conclusion is unwarranted. Reviewing the briefs on file in Belatti v. Pierce and City of Brookings v. Thomsen, and in this case, we observe that they are devoid of any citation to or history of territorial law on this subject.

Our own research of the Dakota territorial laws preceding the adoption of our State Constitution brings about a result to the contrary. Laws of Dakota, 1874-75, Ch. X, governing the

incorporation of towns generally, at Section 57 placed the jurisdiction of violations for town ordinances' exclusively with a justice of the peace of that town, and Section 74 granted the right on demand to a jury of twelve citizens. See Rev.Pol. Code 1877, Ch. XXIV, § 71, p. 85.[1] Later revisions of the general act providing for the incorporation of towns modified the right to the extent that that right existed only when a fine of $20 or more, or in excess of ten days imprisonment might be imposed. Laws of Dakota, 1887, Ch. 73, Art. X, § 13; Compiled Laws 1887, Pol.C., § 937.[2]

1. The relevant provisions of Rev.Pol.C. 1877, Ch. 24, § 71 read: "* * * Cases before such justice of the peace, arising under town ordinances, shall be tried and determined by such justice of the peace without the intervention of a jury, unless the defendant demand a trial by jury; and when a demand shall be so made, the trial shall be by jury of twelve citizens of such town, having the qualifications of jurors, who shall be summoned by the marshals of such town upon a venire issued by such justice of the peace. That the venire for a jury shall contain eighteen names, three of whom shall be stricken off the list by the defendant, and three by the marshal of such town; the remaining twelve names shall constitute a jury for the trial of a cause. If there is any challenge for cause such justice of the peace shall try the question in a summary manner, who may examine the challenged jurors under oath."

2. Comparable language of C.L.1887, Pol.C., § 937 provided: "* * * Cases before the city justice arising under the city ordinances shall be tried and determined by the justice without the intervention of a jury except in cases where under the provisions of the ordinances of the city imprisonment for a longer period than ten days is made a part of the penalty, or the maximum fine shall be twenty dollars or over, and the defendant shall demand a trial by jury before the commencement of such trial; and when a demand shall be so made it shall be the duty of said justice to write down the names of eighteen persons, residents of the city and having the qualifications of jurors in the district court, and the defendant and the attorney for the city shall each strike off three names, or in case the defendant shall neglect or refuse so to do then the city justice with the attorney for the city shall strike off such names, and the said justice shall at once issue his venire to the chief of police commanding him to summon the twelve persons whose names remain upon the list as jurors. And in all trials by jury in said court challenges shall be allowed in the same manner and for the same causes as in the district court in cases of misdemeanor; and in case the number shall be reduced below twelve by such challenges, or any portion of said number shall fail to attend, then the chief of police shall summon in a sufficient number of talesmen having the qualifications of jurors to complete the panel, which shall in all cases consist of twelve jurors. If either' party objects to the competency of a juror the question thereon must be tried in a summary manner by the said justice, who may examine the juror or other witnesses under oath. Each and every person summoned as a juror in any case shall be entitled to a fee of fifty cents, and in case of conviction such fees shall be taxed against the defendant as a part of the costs of the case."

By Session Laws 1890, Ch. 37, Art. XI, § 14 the number of jurors was reduced from twelve to six for trial of violations of city ordinances, wherein, the phrase "police justices" was substituted for "city justice of the peace" as directed by Session Laws 1889, Ch. 33, § 5 and the police justice was given exclusive jurisdiction to try these cases. Session Laws 1890, Ch. 37, Art. XI, § 1. This was done in keeping with the newly adopted Art. VI, § 6 of the Constitution, providing for a jury of less than twelve in a court that was not a court of record.

The provisions of the Compiled Laws of 1887 as modified by the Session Laws of 1890 were carried forward in Rev.Pol.Code 1903, § 1280, and Session Laws 1913, Ch. 119, § 99, but for some reason did not find their way into the Revised Code of 1919. The omission of these provisions by the revisors of the 1919 code cannot deny a right declared inviolate under Shaw et al. v. Shaw, supra. Had we but one court having exclusive jurisdiction over violations of municipal ordinances the Code Revision Commission of 1919 could have followed the lead of our sister state, North Dakota. [3] As we had in this state both municipal courts and city justices or police magistrates clothed with the exclusive jurisdiction where they existed, a single statement of the right would not have sufficed. In an attempt to assure a jury trial the commission created RC 1919, § 6309 now SDCL 16-12-28, providing for trial before a jury of twelve in circuit court on appeal from police magistrates court. This revision was consistent with Belatti v. Pierce, supra. Construed together Belatti v. Pierce, supra, and RC 1919, §§ 2245, 4467, SDCL 15-32-36, 23-56-5, provided for a jury trial in municipal court by a twelve man jury. Thus there was established by a statute a trial by a jury of twelve persons as a matter of right in whatever court the proceeding was commenced.

---

3.  Prior to a 1973 amendment N.D.C.C. § 40-18-15 having common origin with our law states essentially the right as it existed at statehood:
40-18-15. *"Jury trials in cases arising under the ordinances of a city.*—An action for the violation of a city ordinance shall be tried and determined by the municipal judge, without the intervention of a jury except as is provided in this section. If the defendant is charged with the violation of an ordinance of the city under the provisions of which imprisonment for more than ten days or a fine of more than twenty dollars is made a part of the penalty, such defendant, before the commencement of the trial, may demand a trial by jury."

■ As can be seen from the status of territorial law at the time of adoption of our Constitution the right to a jury trial existed in all violations of city ordinances under the provisions of which imprisonment for more than ten days or a fine of more than twenty dollars is made a part of the penalty and that became a matter of constitutional right. To the extent they are inconsistent with this decision, we overrule City of Brookings v. Thomsen, 84 S.D. 651, 176 N.W.2d 46. This does not mean that we reinstate Belatti v. Pierce, 8 S.D. 456, 66 N.W. 1088, which did not correctly state the foundation or scope of right to trial in such cases.

■ Respondent claims that having failed to demand a jury trial at the time he initially entered his plea of not guilty, SDCL 23-1-1, or do so in writing by way of answer, SDCL 15-6-38(b), 15-6-38(d), he has waived that right, City of Sioux Falls v. Bohner, 86 S.D. 527, 199 N.W.2d 499. For the purpose of determining when and in what manner the demand must be made it need not hinge on classification as stated ·in City of Sioux Falls v. Bohner, supra. Not being classed as criminal we need not reassess the application of Art. VI, § 10, of our Constitution. Ex parte Webster v. Knewel, 1924, 47 S.D. 142, 196 N.W. 549. The plain language of the Laws of Dakota, Ch. 73, Art. X, § 13, as· set forth in Compiled Laws of 1887, Pol.Code § 937 provides only that the defendant "demand a trial by jury before the commencement of such trial". This provision overrides and we must therefore overrule City of Sioux Falls v. Bohner, 86 S.D. 527, 199 N.W.2d 499.

We do not here need decide whether a twelve man jury must be afforded under the provision of Article VI, § 6, if the legislature grants jurisdiction to courts of limited jurisdiction which are not courts of record. If the right to jury trial is reinstated in statute the procedure also is a fit subject matter for either the legislature or this court. South Dakota Constitution, Art. V, § 12.

The judgment is reversed.

WINANS and WOLLMAN, JJ., concur.

DUNN, C. J., and DOYLE, J., concur specially.

DUNN, Chief Justice (concurring specially).

I concur that the case should be reversed and a jury trial granted. I would prefer to do so on the reasoning of Baker v. City of Fairbanks, 1970, Alaska, 471 P.2d 386, in which the Alaska Supreme Court held that: "In extending the right to jury trial, we define the category of 'criminal' prosecutions as including any offense a direct penalty for which may be incarceration in a jail or penal institution." The Baker opinion was based on a provision in the Alaska Constitution similar to § 7, Article IV of our Constitution, and dealt directly with the violation of a municipal ordinance.

I realize that this view is not in accord with South Dakota case law and, further, that it is not dictated by the decisions of the United States Supreme Court interpreting the Fourteenth Amendment; however, I have long harbored the opinion that there was nothing "quasi" about the cells in a city jail, and that they deprive a person of his liberty as effectively as any other prison where a person has been placed as a result of a "criminal" offense.

DOYLE, Justice (concurring specially).

In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, the court held that a defendant is entitled to counsel (paid for by the state if necessary) in any case in which a jail sentence could be imposed. In my judgment the right to a jury trial in a criminal case is more fundamental to our system of justice than the right to court-appointed counsel. The task of determining the line between a "petty" and "serious" offense is nebulous, to say the least. I conclude that a defendant is entitled to a trial by jury in all cases which could involve the imposition of a jail sentence. See concurring opinion of Justices Black and Douglas in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437.