STATE of South Dakota, Plaintiff and Appellee,

v.

Marty Lee WIKLE, Defendant and Appellant.

CITY OF RAPID CITY, South Dakota, Plaintiff and Appellee,

v.

Marty Lee WIKLE, Defendant and Appellant.

No. 12838.

Supreme Court of South Dakota.

Submitted on Brief of Appellant Jan. 28, 1980.

Decided April 30, 1980.

Marty Lee Wikle, pro se.

DUNN, Justice.

After making an unsuccessful demand for trial by jury, defendant was found guilty of a city traffic offense in a court trial held in the magistrate division of the Circuit Court of the Seventh Judicial Circuit. Defendant was also found guilty of a state offense—failing to display an automobile inspection sticker on his automobile—in a jury trial held in the magistrate division of the circuit court. In one notice of appeal, defendant appealed both convictions to the Circuit Court of the Seventh Judicial Circuit. An order was entered by the circuit court affirming the judgments entered in the magistrate division. Defendant now appeals to this court from the order of the circuit court. We affirm.

Defendant has alleged various errors by the trial court, but the only one we deem worthy of consideration is the denial of trial by jury for a traffic offense for which a fine of $20 or more could be imposed.

Defendant claims that under *City of Brookings v. Roberts*, 88 S.D. 623, 226 N.W.2d 380 (1975), he was entitled to trial by jury on any offense for which a penalty of $20 or more could be imposed. In *Roberts*, the majority felt compelled to follow the Laws of Dakota, 1887, Ch. 73, Art. X, § 13, which provided that the right of trial by jury existed when a fine of $20 or more or a sentence of more than ten days' imprisonment could be imposed. There were two concurring opinions in *Roberts* that would have limited the granting of trial by jury to only those offenses for which a jail or prison sentence could be imposed.

We believe the reasoning of these special concurrences in *Roberts* is correct. The majority in *Roberts* attempted to justify its action through an extensive analysis of legislative history and prior case law. The majority opinion admits, however, that the 1887 provisions calling for a jury trial when a penalty of $20 or more or a jail sentence of more than ten days could be imposed were not carried forward in the Revised Code of 1919. The majority then dismisses the failure to carry these provisions forward by saying that the right to a jury trial in such circumstances was held inviolate in *Shaw v. Shaw*, 28 S.D. 221, 133 N.W. 292 (1911). Upon close analysis, however, this broad characterization of the *Shaw* case is not justified.

In *Shaw*, the court merely interpreted § 359, Probate Code as meaning that a circuit court need not submit a will contest to a jury and that it could proceed with a court trial precisely as the lower county court had proceeded. It is apparent that the court's holding in *Shaw* was based upon the principle that probate courts are the creatures of statutes, not of the common law. A jury trial is therefore in the discretion of the trial judge. The extensive language stating that a jury trial is a guaranteed right in all cases at law regardless of the amount in controversy has no bearing upon the holding in *Shaw*. We thus view this language as dicta, and we do not believe that it constrains us from finding that no right to trial by jury existed in this case.

We believe the concurring opinions in *Roberts* accurately state the law. These special concurrences cite the case of *Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970). The *Baker* case dealt with the violation of a municipal ordinance. The *Baker*

court stated that various offenses, relatively innocuous in character, such as violations of traffic laws, sanitation codes, and building codes, can be viewed as merely regulatory rather than criminal in their thrust as long as incarceration is not one of the modes of punishment. In the instant case, the maximum possible penalty was a fine of $100 with no provision for incarceration. We believe that the reasoning in the *Baker* case is sound. We note in passing that SDCL 23–1A–17, although not in effect at the time of these proceedings, specifically denies trial by jury for petty offenses.

The reasoning in *Roberts* cannot be accepted. Even if we were to accept the analysis of legislative history offered in *Roberts,* we could not give literal endorsement to an 1887 law that referred to $20 as the demarcation line for jury trials. This law was written at a time when traffic laws were nonexistent and the purchasing power of a dollar was probably twenty times or more what it is today. The court in *Baker* stated: "We feel that the argument from history is not determinative because what was practical historically is not necessarily adequate to the needs of our times." 471 P.2d 396. The rule of law that incorporated existing statutory law into our state constitution upon its adoption should be followed in matters of legal principle, but it becomes absurd when followed literally in regard to monetary amounts. It is significant to note that Congress, despite the same United States Constitutional provision for trial by jury in cases wherein the penalty could exceed $20, has seen fit to pass 18 U.S.C. § 1(3), which sets $500 as the monetary penalty for which trial by jury is required. In addition, the United States Supreme Court stated in *Frank v. United States,* 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969), that although the Sixth Amendment gives defendants a right to trial by jury in "all criminal prosecutions," nevertheless, petty offenses do not require a jury trial.

■ To determine whether a crime is serious or petty, we look to the maximum punishment (as we have done) and the nature of the offense, and consider its com-

mon law background (there is none here), whether society views the offense with sufficient opprobrium, and the consequences of conviction. In the instant case, the maximum possible monetary fine of $100 cannot be viewed as serious, nor can any appreciable degree of social opprobrium be expected to be suffered by defendant from conviction of a traffic offense.

■ We take the same approach as that taken by the United States Supreme Court in *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), wherein the court declined to establish a precise line of demarcation for petty offenses. We merely hold that the violation of a city ordinance that provides for a maximum penalty of $100 and no possibility of incarceration is a petty offense. We take this opportunity, however, to express approval of the position espoused in the special concurring opinions in *Roberts* to the effect that in any criminal prosecution, whether for violation of state law or city ordinance, in which a direct penalty of incarceration for any period of time could be imposed, the accused is entitled to trial by jury upon demand. See *Baker v. City of Fairbanks,* 471 P.2d 386 (Alaska 1970), and the concurring opinion of Justices Black and Douglas in *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). There may be cases in which a court could impose a monetary fine large enough to warrant a jury trial because it could be viewed as a gauge of the ethical and social judgments of the community. *Baker v. City of Fairbanks,* supra, n. 29. Again, however, we do not attempt to draw a specific line of demarcation at this time. We are satisfied that our founding fathers would find no fault with this interpretation of their handiwork.

To the extent that it is inconsistent with this decision, we overrule *City of Brookings v. Roberts,* 88 S.D. 623, 226 N.W.2d 380 (1975).

We have examined the other assignments of error alleged by defendant and find them to be without merit.

The order of the trial court affirming the judgments of the magistrate division of the trial court is affirmed.

MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs specially.

WOLLMAN, C. J., dissents.

HENDERSON, Justice (concurring specially).

Roscoe Pound once wrote: "Law must be stable, and yet it cannot stand still." The majority opinion might lend itself, at first blush, to a disregard of stability as concerns the previous settled law of this state pertaining to the right of jury trial; however, nearly a century, lacking seven years, has passed since the 1887 Law was born and the demands upon a beleaguered judicial system do not permit a jury trial on a traffic offense punishable by a fine of $100.00. If one day of the defendant's freedom was involved, I would dissent, but only his pocketbook is involved. Defendant was fined $25 plus costs on a red light violation.

WOLLMAN, Chief Justice (dissenting).

I adhere to the views set forth in the majority opinion in *City of Brookings v. Roberts*, 88 S.D. 623, 226 N.W.2d 380 (1975).