**William D. BRUSH, Plaintiff and Appellant,**

v.

**Magistrate J.T. KLAUCK, Defendant and Appellee.**

**No. 14111.**

Supreme Court of South Dakota.

Argued Oct. 25, 1983.

Decided April 25, 1984.

William D. Brush, pro se.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for defendant and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

FOSHEIM, Chief Justice.

William D. Brush was arrested for speeding. His request for jury trial was denied. He appeals. We affirm. *See State v. Auen*, 342 N.W.2d 236 (S.D.1984).

DUNN and MORGAN, JJ., concur.

WOLLMAN and HENDERSON, JJ., dissent.

WOLLMAN, Justice (dissenting).

For the reasons set forth in my dissenting opinion in *State v. Auen*, 342 N.W.2d 236, 238 (S.D.1984), I would hold that the trial court erred in denying appellant's request for a jury trial.

HENDERSON, Justice (dissenting).

*Auen*, 342 N.W.2d 236 (S.D.1984), modified *State v. Wikle*, 291 N.W.2d 792 (S.D. 1980). In *Wikle*, 291 N.W.2d at 794, we expressed:

> We take this opportunity, however, to express approval of the position espoused in the special concurring opinions in [*City of Brookings v.*] *Roberts* [88 S.D. 623, 226 N.W.2d 380 (1975)] to the effect that in any criminal prosecution, whether for violation of state law or city ordinance, *in which a direct penalty of incarceration for any period of time could be imposed,* the accused is entitled to trial by jury upon demand. *See Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970), and the concurring opinion of Justices Black and Douglas in *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). (Emphasis supplied.)

Relying on *Wikle*, the State Constitution, the United States Constitution, and two all-time greats of the United States Supreme Court, I dissented in *Auen*, 342 N.W.2d at 239. I continue to dissent for the severity of the penalty authorized, not the penalty imposed, is the relevant criterion. My brothers in Wyoming agree with me. *See Lapp v. City of Worland*, 612 P.2d 868 (Wyo.1980).

The pro se defendant was told below by a law-trained magistrate: "Well, what I'm going to do then on the record is I'm going to deny your motion for a jury trial in this matter for the reason that I'm not going to consider or impose any jail sentence penalty even if you're convicted." The pro se defendant refused to accept a court trial and stood adamantly upon his constitutional rights. In Matt Dillon parlance, he expressly told the magistrate: "The law is the law." Thereupon, he appealed to the

circuit court, which ruled for him not. Thence, did he appeal to this Court, which decides for him not.

SDCL 22-6-2 has a maximum authorized punishment for Class 2 misdemeanors of thirty days imprisonment in a county jail and a $100.00 fine. Under the definition of SDCL 22-1-3, a crime is an act or omission to which is annexed, upon conviction, "imprisonment." SDCL 22-1-3 excludes only petty offenses which have been defined by the State Legislature and governed under SDCL ch. 23-1A. Rightly or wrongly, for whatever reasons, our legislature has seen fit not to classify speeding as a petty offense. Heed, therefore, the statute: Speeding is a crime in South Dakota. I pointed out in my *Auen* dissent that some souls did suffer "jail time" resulting from speeding convictions.

Through elevation of the decision (power) of a judge, we have mitigated and lessened by depreciation the will of the legislature and mandates of the state and federal constitutions.* Therefore, I respectfully dissent and would reverse and remand for a jury trial. Philadelphia freedom, shine the light. Shine the light.

---

* Article VI of the United States Constitution provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense.

South Dakota Constitution, Article VI, § 7 provides:

In all criminal prosecutions the accused shall have the right to defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to meet the witnesses against him face to face; to have compulsory process served for obtaining witnesses in his behalf, and to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.